BURROWS et al. v. LOWNSDALE.

(Circuit Court of Appeals, Ninth Circuit. October 17, 1904.)

No. 1,068.

1. SHIPPING—INJURY OF PASSENGER—UNSAFE GANG PLANK.

A gang plank consisting of a plank 10 feet long, 16 inches wide, and 1 inch thick, with cleats nailed on one side, but having no railing, rope, or other guard, and which, when extended from the deck of a steamer to a wharf, sloped downward at an angle of about 30 degrees, does not furnish a reasonably safe means for discharging passengers, nor can its use be justified by custom; and the vessel is liable in damages for the injury of a passenger by falling from it into the water.

2. DAMAGES FOR PERSONAL INJURY—INTEREST.

Interest should not be allowed on the amount of damages awarded by a court of admiralty for a personal injury.

Appeal from the District Court of the United States for the Western Division of the District of Washington.

J. B. Bridges, for appellants.

J. W. Robinson and J. C. Cross, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The appellee, who was the libelant in the court below, was a passenger on board the steamer T. C. Reed, which was a small boat plying the waters of Gray's Harbor and the Chehalis river, in the state of Washington. The libelant took passage in the city of Aberdeen for the city of Hoquiam, some five miles distant. When the steamer arrived at the dock at the latter place, a gang plank was thrown out from the passenger deck of the steamer to the stationary wharf for the purpose of landing the passengers. That plank was introduced in evidence in the court below, and is brought here as an

exhibit. It is about 10 feet long, 16 inches wide, 1 inch thick, and has small cleats nailed to one side of it, about 19 inches apart. It has no railing, ropes, or guards of any kind, and had none at the time of the accident in question. When placed for the passage of the passengers, with one end resting on the boat and the other on the wharf, the angle of declination towards the latter was very considerable; the court below finding, from conflicting evidence upon the point, that the angle was about 30 degrees. The purser of the vessel stood at the end of the plank that rested on the boat, and assisted the libelant, who was a man past 70 years of age, as far and as well as he could; but libelant, either from dizziness, or from the slipping of his foot as he stepped from one cleat to another, fell from the plank into the water below, striking the steamer one or more times in his descent, and was rescued in an unconscious condition. His injuries, according to the evidence, were serious, and fully justified, in our opinion, the amount of $2,500 awarded him as damages by the court below, if he was entitled to recover at all.

We also agree with the court below that the plank used by the officers of the steamer in question was not a safe method for the discharge of its passengers. It is not a sufficient answer to say, as do the appellants, that it is the same kind of a plank that is usually used for the purpose by similar boats plying those waters, and that it has generally, if not always, been found sufficient. Such a plank as that described, extending over the water at such an angle, without any railing, ropes, or guards, is not a reasonably safe means of passage for man, woman, or child, of whatever age. The law made it the duty of the carrier to provide a reasonably safe means for discharging its passengers, and the failure of appellants in that regard in the instance in question rendered them clearly liable in damages.

We are of the opinion, however, that the court below erred in giving the libelant interest upon the amount of damages awarded him from the time of filing the libel to the time of giving the judgment. It is the settled law in this country that whether interest shall be allowed by the court of first instance, or by the appellate court, in admiralty, on the amount of damage in a collision case, is within the discretion of the court. Hemmenway v. Fisher, 20 How. 258, 15 L. Ed. 799; The Ann Caroline v. Wells, 2 Wall. 538, 17 L. Ed. 833; The Scotland, 118 U. S. 507, 6 Sup. Ct. 1174, 30 L. Ed. 153; The North Star, 62 Fed. 71, 10 C. C. A. 262. But this rule does not apply to actions for damages for personal injuries. The distinction between the two classes of cases is clearly pointed out by the Supreme Court of Tennessee in the case of Louisville & Nashville R. Co. v. Wallace (Tenn.) 15 S. W. 921, 14 L. R. A. 548. As there said, a personal injury never creates a debt, nor becomes one, until it is judicially ascertained and determined; nor until that time can it draw interest.

The cause is remanded to the court below, with directions to modify the judgment by striking out the interest allowed from the filing of the libel to the date of the judgment; and, as so modified, the judgment will stand affirmed.