## KIRBY LUMBER COMPANY v. LENARD DICKERSON.

### Decided April 7, 1906.

**1.—Employer—Degree of Care.**

The court charged the jury that it was the duty of the employer to provide such reasonably safe foundations for its lumber piles as is commonly used by skilled and experienced mill men, and such as it could, by the use of ordinary skill, provide, and a failure to so do and provide would be in law negligence; and that it was the duty of the employer to keep said stacks in safe repair, as far as ordinary skill and diligence could do. Held, error. By said charge the duty of the employer is made absolute, and although he may have exercised, not only ordinary care, but the highest degree of care, if the foundation of the lumber pile proved to be not reasonably safe, and not such as he could by the use, not of ordinary care, but of ordinary skill, provide he would be guilty of negligence. Trinity Lumber Co. v. Denman, 85 Texas, 56, discussed.

**2.—Inconsistent Charges.**

Where the charge, taken as a whole, gives the jury two entirely different and inconsistent standards by which to measure defendant's liability, it is reversible error.

Error from the District Court of Sabine County. Tried below before Hon. Tom C. Dickerson.

*J. T. Beatty, Hamilton & Cappel, O. T. Webb* and *Andrews, Ball & Streetman,* for plaintiff in error.—The absolute duty of providing

reasonably safe instrumentalities for the use of his servants, does not devolve upon the master, but the extent of the master's duty, in this respect, is to exercise ordinary care to furnish his servants reasonably safe instrumentalities, and to exercise ordinary care to maintain them in such condition. Bering Mfg. Co. v. Peterson, 67 S. W. Rep., 133; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 632; Houston & T. C. Ry. Co. v. Oram, 49 Texas, 341; Galveston, H. & S. A. Ry. Co. v. Smith, 57 S. W. Rep., 999; Texas & Ft. Scott Ry. Co. v. Hartnett, 75 S. W. Rep., 809; Texas & Pac. Ry. Co. v. McCoy, 90 Texas, 264; St. Louis, S. F. Ry. Co. v. McClain, 80 Texas, 87.

Failure of the master to provide instrumentalities in common use among those skilled and experienced in the same line of business in which the master is engaged does not conclusively establish the master's negligence, and it is reversible error for the trial court to so charge. Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348; Gulf, C. & S. F. Ry. Co. v. Evansich, 61 Texas, 3; Weatherford, M. W. & N. W. Ry. Co. v. Duncan, 10 Texas Civ. App., 479; Gulf, C. & S. F. Ry. Co. v. Compton, 75 Texas, 667; International & G. N. Ry. Co. v. Bell, 75 Texas, 50; Sincere v. Union Compress and Warehouse Co., 40 S. W. Rep., 326; Gulf, C. & S. F. Ry. Co. v. Rowland, 82 Texas, 171; International & G. N. Ry. Co. v. Eason, 35 S. W. Rep., 210; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 496.

Positive error in one paragraph of a charge can not be cured by a correct instruction in another paragraph of the charge unless such latter paragraph expressly refers to the former and modifies it in such a way that the jury will understand by which instruction they are to be guided. Reed v. Western U. Tel. Co., 71 S. W. Rep., 389; International & G. N. Ry. Co. v. Auchonda, 68 S. W. Rep., 743; Missouri, K. & T. Ry. Co. v. Mills, 65 S. W. Rep., 74; Gonzales v. Adoue, 94 Texas, 125.

Where the allegations in plaintiff's petition are restricted to specific acts of negligence on the part of defendant, evidence showing other acts of negligence not alleged is inadmissible. Missouri Pac. Ry. Co. v. Hennessey, 75 Texas, 155; Gulf, C. & S. F. Ry. Co. v. Younger, 29 S. W. Rep., 948; Johnson v. Galveston, H. & N. Ry. Co., 66 S. W. Rep., 908, and cases there cited.

Evidence showing the defective condition of an instrumentality subsequent to the occurrence of an accident, when such defective condition might reasonably be attributed to the accident itself, is incompetent to show the condition of the instrumentality at the time of the accident, or negligence in the construction or maintenance thereof, and its admission for these purposes, especially in instances where there is a total absence of competent evidence going to show its condition at the time of the accident, or that its condition when examined subsequent to the occurrence of the accident could reasonably have been caused by the accident itself, is material and reversible error. Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 628; Labatt, Master and Servant, sec. 821; Robinson v. Charles Wright & Co., 53 N. W. Rep., 938, 94 Mich., 283; Ketterman v. Dry Fork Ry. Co., 37 S. E. Rep., 689; Perry v. Michigan Central Ry. Co., 65 N. W. Rep., 608.

*Davis & Davis* and *Blount & Garrison,* for defendant in error.—That the court did not err in its charge to the jury upon the degree of care required of an employe, cited: Trinity Lumber Co. v. Denham, 85 Texas, 56; Gulf, H. & S. A. Ry. Co. v. Crawford, 29 S. W. Rep., 958; Hightower v. Gray, 11 Texas Ct. Rep., 392.

Evidence showing the defective condition of the foundation of the lumber stack which fell, causing plaintiff to receive his injuries, subsequent to the date of his injury is admissible when there is no inference from it that it was not in the same condition when the accident occurred as when the witness examined it. Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 628.

REESE, ASSOCIATE JUSTICE.—Lenard Dickerson sued the Kirby Lumber Company to recover damages for personal injuries, and upon trial before a jury recovered judgment for $5,750, and defendant appeals.

It was alleged, in the petition, that appellee was in the employ of appellant and was engaged under direction of those in authority over him in stacking lumber. While so engaged, and while coming down off of the lumber stack, the foundation of the stack gave way, and thereby appellee was violently thrown against another lumber stack; that the first stack fell upon him, inflicting upon him permanent and serious injuries, the nature of which are fully set out. It was alleged that appellee knew nothing of the unsafe condition of the foundation of the lumber stack. The manner in which the foundation was constructed, and the defect or vice in such construction are fully explained. It was averred that this defective, unsafe and dangerous condition was known to appellant, or could have been known by the use of ordinary care and diligence. Negligence is charged against appellant in the matter of the construction of the foundation of the lumber stack.

Appellant answered by general demurrer, which was overruled, and by several special exceptions, some of which were sustained and some overruled, and which it is not necessary to further mention. Appellant also pleaded a general denial, contributory negligence and assumed risk.

The evidence discloses substantially the following facts: Appellee was in the employ of the appellant at the time of the accident. He had been at work three or four days and had been engaged in stacking lumber. He had some previous experience at the business. To make a stack of lumber a foundation is first built of pieces of lumber resting on the ground. This foundation is considerably higher at one end than the other in order that the lumber pile, when finished, may shed the water. In the process of stacking one man stays on the ground or the "dolly-way" and hands the pieces to a man on the top of the pile, who places them in the stack. Appellee and another man were so engaged at the time, and these two would alternate, that is, first one and then the other would be on top of the stack. Appellee had been at work on top, and in order to exchange with his fellow workman, was coming down off of the pile at the higher end, when the foundation upon which the stack was built gave way at one of the corners at this end, causing the whole stack to topple over. Appellee was thrown against another

lumber stack and caught between the two. One of his legs was broken in three places, and he was otherwise seriously injured. The case turned mainly upon the question of whether the accident was caused by a defective construction of the foundation of the lumber stack, and of negligence *vel non* on the part of appellant in such construction. The evidence mainly relied upon to show the defective construction was that which showed that the supports of the lumber stack at the southwest corner, where the stack gave way, were placed on the bare ground and at or very near the margin or bank of a small running branch where the ground was loose and soft.

In view of the disposition which other assignments of error require to be made of the case, we will not discuss the first four assignments which attack the action of the court in overruling appellant's motion for a new trial upon the facts.

The fifth, sixth and seventh assignments of error complain of the error of the court in regard to the following paragraphs of its general charge to the jury:

"On the question of negligence, you are charged that it is the duty of those operating a saw mill and stacking lumber in its yards, through their agents or managers, to provide reasonably safe foundations for its lumber stacks; such reasonably safe foundation as is commonly used by skilled and experienced mill men, and such as they could, by the use of ordinary skill, provide, and a failure to so do and provide would be in law negligence."

"The defendant company was required, and it was its duty in law, to provide a reasonably safe foundation for its lumber stacks, upon which its employes stacked their lumber, the foundations to be of that kind and construction as was ordinarily deemed safe for the purposes of stacking lumber, and to keep the same in safe repair or far as ordinary skill and diligence could do, and, if the defendant company did this, then it could not be held liable, and if you so find, you will find for the defendant."

"But if the foundation under the lumber pile was safe and sufficient, so far as ordinary skill and diligence could provide or ascertain, then the defendant would not be liable, and if you so find let your verdict be for the defendant."

As presented in these instructions the duty imposed upon appellant was to provide a reasonably safe foundation for its lumber stack, and such as is commonly used by skilled and experienced mill men, and such as they could, by the use of ordinary skill, provide. The jury is instructed that the failure to do so would be, in law, negligence. This is the substance of the paragraphs of the charge complained of in the fifth assignment, and the same general principle, as to the duty of appellant, is presented in the other paragraphs referred to. The duty of the employer is made absolute, and, although he may have exercised not only ordinary care but the highest degree of care, if the foundation for the lumber stack proved to be not reasonably safe and not such as he *could* by the use, not of ordinary care, but of ordinary skill, provide, he is guilty of negligence and must answer for the consequences. The same obligation is imposed upon the employer to keep the foundation

in safe repair, as far as ordinary skill and diligence could do, regardless of the amount or degree of care actually exercised by him.

That this is a more onerous responsibility upon the employer than the law imposes is settled by the decisions of the Supreme Court of this State. In the practical application of this measure of duty in the present case, appellee would have only been required to show that the foundation of the lumber stack was not reasonably safe, and that it was possible by the use of ordinary skill to have made it reasonably safe and kept it in such condition. These facts having been established, no amount of care on the part of appellant would have protected it from liability. The law imposed upon the appellant only the duty to exercise ordinary care to provide a reasonably safe foundation for the lumber stack, and a like degree of care to maintain it in such condition. This is, not only theoretically, but practically, different from the measure of duty imposed upon it by the charge of the court. (Houston & T. C. Ry. Co. v. Oram, 49 Texas, 345; Texas & Pac. Ry. Co. v. McCoy, 90 Texas, 266; Galveston, H. & S. A. Ry. Vo. v. Gormley, 91 Texas, 303.)

In Galveston, H. & S. A. Ry. v. Crawford, 29 S. W. Rep., 958, and Hightower v. Gray, 11 Texas Ct. Rep., 392, cited by appellee in his brief, the doctrine of ordinary care as the measure of the employer's duty is expressly recognized.

It is insisted by appellee that in other paragraphs of the court's charge the jury were properly instructed that appellant was to be held responsible only for the failure to exercise ordinary care. These instructions, which it is claimed so modified the doctrine laid down in those paragraphs of the charge hereinbefore quoted, as to relieve the charge, taken as a whole, of any injurious consequences to appellant, are as follows:

"The mere fact that an accident happens or an injury occurs, is not of itself proof of negligence, and mill men are not, under the law, required to use the highest possible degree of care and caution of which the human mind can conceive, or such degree as would prevent every possible accident, but they are only required to exercise ordinary care and diligence."

"You are charged that the defendant is not to be held as an insurer of its employes against accident by reason of unsafe or insufficient foundations under its lumber piles, but is by the law only required to use ordinary care and caution to construct safe foundations and to keep them in such condition."

These instructions unquestionably contain a proper statement of the law. The question to be determined is as to their effect in counteracting the effect of those portions of the charge objected to. The jury, by the instructions contained in the charge taken as a whole, are required to measure appellant's responsibility by two entirely different and inconsistent standards. If they adopted one, they had to discard the other. If they endeavored to reconcile them it is not improbable that they may have construed the charge to mean, as a whole, that, while appellant was only required to exercise ordinary care, such ordinary care required it, as matter of law, to provide such reasonably safe foundations for the lumber stack as is commonly used by skilled and experienced mill men and such as they could, by the use of ordinary

skill, provide. They might reasonably understand the charge, taken as a whole, arbitrarily and as a matter of law, to fix the standard of ordinary care imposed upon appellant by an absolute requirement to provide reasonably safe foundation for the stack. So understood, those portions of the charge referring to the exercise of ordinary care by appellant would in no degree have modified the objectionable portions of the charge. If no attempt was made to harmonize the inconsistent portions of the charge, it would be impossible to tell whether the objectionable or the correct rule was used by the jury in measuring appellant's responsibility.

A charge, identical in all material particulars with this, was given by the trial court in Trinity Lumber Company v. Denham (85 Texas, 56), and seems, if not approved, at least not to have been condemned in the opinion of the commission of appeals, adopted by the Supreme Court. In the present case the court gives, as a part of the general charge, an instruction as to the duty of appellant to use ordinary care not incorporated in the general charge of the court in Lumber Co. v. Denham, but given in that case at the request of appellant, which makes the charge in the present case completely identical with the charge in that case. The judgment of the trial court in that case was reversed upon another ground, and although the court sets out the charge in full in the opinion, and states that most of the assignments of error relate to the charge, there is not to be found anywhere in the opinion any direct approval of the charge or any reference to those features thereof which are attacked in the charge in the present case. Indeed, it does not affirmatively appear that the charge was objected to upon the grounds presented by the assignments of error in the present case, nor does it appear that it was considered by the court that the instructions given as to the duty of the employer to use ordinary care saved the charge as a whole from condemnation.

In view of what we must regard as the settled law upon the question especially as announced in the later decision by the Supreme Court cited above and by this court in Bering Mfg. Co. v. Peterson, 67 S. W. Rep., 133, Lumber Co. v. Denham can not be given controlling effect in deciding the question involved in this case.

It was also error to instruct the jury in substance that it was the duty of appellant to provide such a foundation for the lumber stack as is commonly used by skilled and experienced mill men. Appellant could not absolve itself from responsibility by doing so if ordinary care required otherwise, neither would it be liable for a failure to do so if ordinary care, as properly defined in the charge, did not require it. This portion of the charge injected into the consideration of the case by the jury an erroneous standard by which to determine appellant's responsibility. Experienced mill men may have commonly used a fashion of foundation for lumber stacks which ordinary care would utterly condemn. Evidence would be admissible as to the kind of foundation for lumber stacks in common use by experienced mill men, upon the issue as to whether appellant was chargeable with a want of ordinary care in the construction of the one in question, if in fact it was not reasonably safe, but the test by which appellant is to be judged is, at last, whether it has exercised ordinary care in the matter. (Gulf, C. & S. F. Ry. Co.

v. Evansich, 61 Texas, 5; Gulf, C. & S. F. Ry. Co. v. Smith, 87 Texas, 348.)

We fully recognize the rule that the charge of the court is to be read as a whole and not in isolated sections. If taken as a whole it contains "within its four corners" a correct statement of the law upon which the case should be decided by the jury, so expressed as to be clearly understood by men of plain common sense, and there is nothing to mislead the jury from the application of such correct principles to the facts of the case, it should not be condemned if isolated sections when separated from the body of the charge and critically analyzed might be susceptible of a construction that possibly, if so considered, might mislead the jury. Allowing, however, the full force of these considerations, we must conclude that the unquestionable error in those parts of the court's charge attacked by the assignments of error, was not cured by the other portions of the charge referred to. (Gonzales v. Adoue & Lobit, 94 Texas, 125; Baker v. Ashe, 80 Texas, 361.) The trial court was clearly misled by the opinion of the court in Lumber Co. v. Denham, *supra*.

We think the court also committed error in submitting the case to the jury upon an instruction that based appellee's right to recover, not upon the facts of appellant's negligence, but upon the fact of appellant's knowledge of the safety in the foundation of the lumber stack, as set out in the ninth assignment, but this error might be regarded as immaterial if the charge were otherwise correct.

The evidence does not seem to us to raise the issue of contributory negligence, as set out in the tenth assignment of error.

Appellant complains of the ruling of the court in allowing William Ferguson to testify that there was a spring or spring branch near the foundation of the lumber stack; on the ground that there were no allegations in the petition to authorize the admission of the testimony. We are inclined to think the allegations of the petition sufficient to authorize the admission of this testimony, but it is not clear, and an amendment of the petition is suggested to meet this objection.

There was no error in admitting the testimony of N. Jolly and William Ferguson as to the condition of the lumber pile and the foundations thereof when examined by them after the accident. We think it sufficiently appears that such conditions could not be attributed to the fall of the lumber stack. This, however, should be more clearly shown upon another trial.

For the errors indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*