## Missouri, Kansas & Texas Railway Company of Texas v. S. L. Criswell.

No. 1796.   Decided March 11, 1908.

**I.—Carriers of Passengers—Station Platform—Customary Use of Way—Negligence.**

Though a railway company had provided for passengers a level walk from the place of alighting, along one side and end of its station building, to the waiting room, still, if they commonly used the way around the other end and

side, which ascended steps to a raised platform and descended by an incline, the company might be liable for a failure to use care either to indicate the proper way or keep the other way safe for their passage, and be found negligent towards a passenger who fell and was injured on the incline, which had become slippery from mud and was not provided with a hand rail nor with cleats to prevent slipping.   (P. 404.)

**2.—Same—Instructions.**

See charges on such case held properly given and requested instructions held properly refused in accordance with above principle.   (Pp. 402, 403.)

**3.—Same—Passenger Using Wrong Way.**

The use by passengers of a platform not intended for them could create no liability; but not so of the neglect to employ ordinary care to warn them which to use, where the one not designated for them was so frequented as to lead a passenger to follow it as the proper course, and this could easily be obviated by designating the one for their use or obstructing the other. (P. 404.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Hunt County.

Criswell sued the railway company for personal injuries to his wife, a passenger disembarking from its train.   Plaintiff had judgment.   Defendant appealed, and on affirmance obtained writ of error.

*T. S. Miller* and *Perkins & Craddock,* for plaintiff in error.—
The appellant was under no obligation to provide more than one reasonably safe and convenient way for passengers alighting from its trains to reach the waiting room, and the uncontradicted evidence having shown that it had provided such a way along the south side of the depot, and the evidence having further shown that the elevated platform and the inclined way leading therefrom on the north side of the depot, were constructed, intended and used by the appellant for receiving and delivering freight, the charge is erroneous and placed upon the appellant a greater burden than the law imposed upon it, in that it required of the appellant the duty of exercising ordinary care to ascertain whether passengers were commonly and customarily using the platform and inclined way to reach the waiting room after alighting from its trains, and in making the appellant liable if it could by such care have ascertained such use, because, it having provided a reasonably safe and convenient way for passengers, which was being used by passengers for the purpose intended by the appellant, it was only required to use proper care as to the safety of the incline after having actual knowledge of the use of the elevated platform and incline by passengers alighting from its trains.   Missouri P. Ry. Co. v. Long, 81 Texas, 253.

The court erred in refusing to give to the jury the special charge requested by the defendant.   Texas & Pac. Ry. Co. v. Brown, 78 Texas, 397; Missouri Pac. Ry. Co. v. Long, 81 Texas, 253; Gulf, C. & S. F. Ry. Co. v. Hodges, 24 S. W. Rep., 563; Bennett v. New York, N. H. & H. Ry. Co., 57 Conn., 422; 41 A. & E. R.

R. Cases, 184; Forsyth v. Boston & A. Ry. Co., 103 Mass., 510; 4 Elliott Railroads, sec. 1641, p. 2591.

*B. Q. Evans* and *C. L. Elder*, for defendant in error.—In the language of Justice Gaines in Missouri Pac. Ry. Co. v. Long, 81 Texas, 256, "is does not follow that because a safe way is provided a passenger is bound at his peril to ascertain the fact and to avail himself of that way when he sees that another way apparently safe is in general use by passengers with the tacit permission of the servants of the company. Such use and such permission are calculated to induce the belief that the way is provided in part at least for the egress of passengers and that a passenger is expected to make use of it should he elect to do so." See also Gulf, C. & S. F. Ry. Co. v. Hedges, 24 S. W. Rep., 563; Stewart v. International & G. N. Ry. Co., 53 Texas, 289; 3 Thompson on Neg., sec. 2700, 2991; Waller v. Missouri, K. & T. Ry. Co., 59 Mo. App., 410; Texas, etc., Ry. Co. v. Orr, 46 Ark., 182.

Mr. Justice Brown delivered the opinion of the court.

On the 13th day of June, 1900, the Sherman, Shreveport & Southern Railway Company operated a line of road in Hunt County which ran from Greenville by a town called Floyd in that county, and maintained a passenger depot at the town of Floyd. Since that time the Missouri, Kansas & Texas Railway Company of Texas purchased that railroad, and, by the terms of the law under which it made the purchase, is liable in this case for whatever damages might be recovered against the former company.

At Floyd the railroad track runs east and west and the depot building was built north of the railroad track and near to it. The depot building consisted of a freight room on the east end, a ticket office in the southwest corner and a waiting room for passengers in the northwest corner of the building. Along the south side of the building and between it and the railroad track there was constructed a walk, which extended to and around the west end of the building and along the north end to the waiting room, which walk was constructed and intended for the use of passengers in going to and from trains and to and from the waiting room. Along the east end of the building was constructed a platform about six feet wide extending north with the building to a point six feet beyond the north wall of the building, thence along the north wall of the building to the waiting room for passengers. At the north end of this latter platform there was an incline which brought it down to a level with the waiting room floor. No hand rail was built at the point of this incline along the outside of the platform, nor were any cleats or anything of that kind upon the floor at the point of the incline of the platform. That platform, including and extending to the east end of the building, was constructed for the purpose of loading and unloading freight, but at the south end next to the railroad track were steps leading upon the platform from the walk, which was constructed near the railroad track and

passengers usually and ordinarily took that way from the train to
the waiting room, and from the waiting room to the train, passing
the, east end and north side of the building and passengers going
to or from the town usually went the same way.

On June 13, 1900, plaintiff and his wife were passengers on
a train on the said road with tickets from Greenville to Floyd, and
when the train arrived at the latter place they disembarked, and,
seeing other passengers going up the steps to the east platform,
they followed, on their way to the waiting room. A rain was fall-
ing at the time and the incline of the platform at the north end
had mud upon it and was quite slippery. Mrs. Criswell carried in
her arms a fifteen months old child and in attempting to pass down
the incline of the platform to the waiting room her feet slipped
and she fell, inflicting serious injuries upon her which it is un-
necessary to describe. A verdict and judgment were rendered in
the trial court for the plaintiff, which was affirmed by the Court of
Civil Appeals.

The trial court instructed the jury as follows: "And if you
further find that when plaintiff and his wife alighted from said
train, they went upon said platform. And if you further find that
in going upon said platform they did so for the purpose of going
to said waiting room in said depot. And if you further find that
the place where they went upon said platform was a place where
passengers usually and ordinarily went after alighting from said
passenger trains. And if you further find that in going upon said
elevated platform, and in attempting to reach the waiting room
by way of said incline, if they did, they acted as persons of ordi-
nary care and prudence would have acted under the same or similar
circumstances. And if you further find that in going to said
waiting room, they were going a way that passengers alighting from
said passenger trains at said station would naturally or ordinarily
go. And if you further find that when plaintiff's wife started to
the waiting room of said station, if you find that she did, and you
find that when she reached said incline, and attempted to pass
down same, if she did, her feet slipped from under her and she
fell, and you find that she was injured as alleged in the petition.
And if you further find that the fall, if she did fall, was caused
by the slippery condition of said incline, if it was in said condi-
tion, or by the failure, if any, of said company to have steps or
cleats on said incline, or by the failure, if any, of the said railway
company to place hand-holds on the said incline. And if you
further find that the negligence, if any, on the part of said railway
company in either of these respects, was the proximate cause of
the injury, if any, to plaintiff's wife. And if you further find that
when she approached said incline or attempted to pass down the
same in the manner and under the circumstances that she did,
she was acting as an ordinarily prudent person would have acted
under the same or similar circumstances, then you will find for
the plaintiff."

Defendant asked the court to give this charge to the jury: "If
you believe from the evidence that the railway company had con-

structed and was maintaining a walk-way extending from the waiting room door along the west end of the depot and to the southwest corner thereof, and extending thence east along the south side of the depot and between the same and the track to a point east of the raised platform; and if you further believe from the evidence that such walk-way was intended for and used by passengers in going from trains to the waiting room, and if you further believe from the situation of such walk-way and its appearance and the surroundings it was open and obvious to ordinary observation that such way was intended by the railway company as the means for passengers to use in going from its trains to the waiting room; then unless you believe from the evidence that the manner in which the raised platform was constructed and the steps leading thereon were placed and the manner in which the inclined way from the platform on the north side of the depot was situated and maintained a person of ordinary care and prudence leaving the trains as a passenger and intending to go to the waiting room would have been reasonably led to believe that the way which plaintiff and his wife took to ɩ to the waiting room was the way intended by the railway company for passengers to go from its trains to said room and unless you further believe that the plaintiff and his wife were in fact from the situation and surroundings and the manner of construction of such walk-way, platform and steps at the southeast corner of the latter and the incline, and while acting as a person of ordinary care and prudence under like circumstances would have acted, reasonably led to believe that the way they went was the way intended by the railway company for the use of passengers leaving the trains to go to the waiting room, and that defendant was guilty of negligence in maintaining the raised platform with the steps thereto and the incline in the manner in which they were, your verdict should be for the defendant."

The railroad company assigned error upon the action of the court upon both of these charges, which present opposite views of the law on the same issue. We conclude that no error was committed by the court either in giving the charge to the jury or in refusing the charge requested by the defendant. The facts justified the charge which the court gave to the jury which, however, might have been more explicit in stating the law applicable to the facts, but under that charge the jury must have found that the way upon which Mrs. Criswell was passing when she was injured was usually and ordinarily used by passengers going to and from the train from the waiting room and that this use had been continued for such length of time that the railroad company necessarily knew of such use and the character of it. The special charge requested by the railroad company ignored entirely the fact that the passway upon which Mrs. Criswell was injured had been used for a great length of time by passengers in going to and from the train and made the liability of the railroad company depend upon whether or not the appearance of a pass-way taken by her was such as to mislead Mrs. Criswell and induce her to go that way.

The company having established and provided the one walk-way

for the use of the passengers between its waiting room and the place at which it received and discharged passengers from its trains and there being another walk-way between the same points not intended for the use of passengers but which for a number of years passengers had usually and ordinarily used for that purpose, the railroad company was bound to take notice of such use and, in the absence of any notice or warning against using this way by passengers, Mrs. Criswell had the right to assume that the way used by passengers was provided for their use and was in proper condition. The undisputed evidence shows such use of the walk on which the injury occurred as imposed upon the railroad company the duty to use ordinary care to keep it in safe condition for the use of its passengers, and if Mrs. Criswell's injury resulted from a failure to perform that duty, the railroad company must be held liable to the same extent as if the injury had occurred upon the platform provided by it for the use of passengers. (Hutcheson on Carriers, sec. 937; 3 Thompson on Neg., sec. 2691; Canzeau v. F. R. Co., 161 Mass., 355; Collins v. Toledo, etc., Ry. Co., 80 Mich., 390; Lemon v. G. R. & I. Ry. Co., 136 Mich., 647; Gulf, C. & S. F. Ry. Co. v. Glenk, 9 Texas Civ. App., 606; Gulf, C. & S. F. Ry. Co. v. Hodges, 24 S. W. Rep., 563; Beard v. Conn. & P. R. Co., 48 Vt., 101.)

The use of the platform by passengers when it was not intended for their use could create no liability on the part of the railroad company, but its liability arises from its neglect to use ordinary care to warn passengers that it was not the proper way for them to take in going to and from its trains. It would be a harsh rule to hold that a passenger, knowing that a certain way had not been provided for his use would have the right to depart from the way provided and take one which was not intended nor prepared for such use and thereby make the railroad company liable for injury. But we think it a just rule and consistent with the law which governs the relation between passengers and carrier that, when the carrier has permitted such use of a pass-way as to give it the character of an authorized way, it should be held responsible to those passengers that it might receive or discharge thereafter at that depot who did not know that the use was unauthorized and who seeing other passengers going that way might be and most probably were led to follow, believing they were using the walk intended for them. A stranger arriving at the depot could not stop to take into consideration the appearances of the different platforms and determine which one was the proper one for him to use, but it would be an easy matter for the railroad company to take such precaution as a man of ordinary prudence would take under such circumstances to inform its passengers which of the two ways was intended for their use, or to obstruct the one not so intended in such manner as to give notice of the fact.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*