NORTH GERMAN LLOYD S. S. CO. v. ROEHL.†

(Court of Civil Appeals of Texas. Galveston. Jan. 27, 1912. Rehearing Denied Feb. 15, 1912.)

1. SHIPPING (§ 166*)—PASSENGER ACCOMMODATIONS — NEGLIGENCE — EVIDENCE — SUFFICIENCY.

In an action against a steamship company for injury to a passenger who was thrown by a lurch of the vessel while she was in a toilet room, evidence *held* to sustain a finding that the company was negligent in not providing hand or guard rails in the room.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 548; Dec. Dig. § 166.*]

2. SHIPPING (§ 166*)—PASSENGER ACCOMMODATIONS—NEGLIGENCE—EVIDENCE.

That other steamship companies had not equipped toilet rooms with guard rails to prevent passengers falling through lurching of a vessel does not show that a particular com-

pany was not negligent in failing to provide them, if a very cautious and prudent person in using that high degree of care which is required of carriers would have provided them.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 166.*]

3. SHIPPING (§ 166*)—INJURY TO PASSENGER — ASSUMPTION OF RISK — PLEA — SUFFICIENCY.

In an action against a steamship company for injury to a passenger caused by the vessel lurching while she was in a toilet room, a plea that she assumed the risk arising from the absence of hand rails in the room was insufficient for failure to allege that she knew the danger of entering a room not so equipped, or that the danger was obvious to her, or to any one of ordinary observation.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 547; Dec. Dig. § 166.*]

4. SHIPPING (§ 166*)—PASSENGER ACCOMMODATIONS—ASSUMPTION OF RISK.

A steamship passenger did not assume the risk of being injured through lurching of the vessel while she was in a toilet room, arising from the company's failure to provide hand rails.

[Ed. Note.—For other cases, see Shipping, Dec. Dig. § 166.*]

5. APPEAL AND ERROR (§ 1040*)—HARMLESS ERROR—OVERRULING PLEA.

In an action against a steamship company for injury to a passenger caused by the vessel lurching while she was in a toilet room, any error in overruling a plea that she assumed the risk of absence of hand rails in the room was harmless, where it was not shown that she knew the danger of using the room in the condition in which it was.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

6. DAMAGES (§ 185*)—PERSONAL INJURY—AGGRAVATION OF AILMENT—EVIDENCE—SUFFICIENCY.

In an action against a steamship company for injury to a passenger, caused by lurching of the vessel and want of hand rails, evidence *held* to warrant a finding that plaintiff's previous physical afflictions were aggravated by the accident.

[Ed. Note.—For other cases, see Damages, Dec. Dig. § 185.*]

7. DAMAGES (§ 33*)—PERSONAL INJURY—AGGRAVATION OF AILMENT—LIABILITY.

Plaintiff's previous ailments constitute no defense to an action for negligent injury; defendant being liable so far as the ailments were aggravated by his negligence.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 142; Dec. Dig. § 33.*]

8. DAMAGES (§ 132*)—PERSONAL INJURY—EXCESSIVENESS.

$10,200 is not excessive recovery for injury to a steamship passenger, who was thrown to the floor of a room through lurching of the vessel, through negligent absence of hand rails, where the accident reduced her to a deplorable physical condition continuing to the time of the trial.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

Appeal from District Court, Galveston County; Clay S. Briggs, Judge.

Action by E. Roehl against the North German Lloyd Steamship Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Mart H. Royston, for appellant. Marsene Johnson and James B. and Charles J. Stubbs, for appellee.

McMEANS, J. [1] E. Roehl brought this suit against the North Lloyd German Steamship Company to recover damages for personal injuries sustained by his wife, Mary Roehl, while a passenger on the steamship Chemnitz, a vessel owned and operated by defendant. He alleged that defendant was negligent in failing to provide a certain toilet room or apartment used by passengers with hand or guard rails along one or both sides of the room for the safety of passengers who might have occasion to enter it; that the room in question was about three feet in width and seven or eight feet in length; that at the time of her injury, Mrs. Roehl had just entered the room when the vessel rolled or lurched violently, and there being no hand or guard rails for her to catch and hold to and prevent her from being thrown down by the motion of the ship she was suddenly and violently hurled across the room, striking against the furniture and obstructions therein, and seriously injured; that the duty of defendant to use a very high decree of care for the protection of its passengers required the placing of hand rails in the parts of its vessel such as mentioned; and that defendant's failure to perform its duty in this regard was negligence which was the proximate cause of his wife's injuries. Appellant answered by general demurrer, general denial, and by special pleas of assumed risk and contributory negligence. Appellee excepted to appellant's plea of assumed risk, and this exception was sustained. The case was tried before a jury, and resulted in a verdict and judgment for plaintiff for $10,200. From this judgment defendant steamship company appeals.

The evidence in the record justifies the following fact conclusions: Mrs. Mary Roehl, the wife of plaintiff, was a passenger on the steamer Chemnitz, owned and operated by defendant. On February 20, 1910, she had occasion to enter the toilet room on the upper deck of the vessel on which deck the stateroom occupied by her on the voyage was situated. This toilet room was about three feet and two inches wide and about eight feet long, and its sides were smooth, as was its tiling floor. It was lighted at night by electricity, and was provided by defendant for the use of lady passengers. The defendant had provided no handhold, hand or guard rail near the door, nor along either side of the room, but had provided a vertical hand rail near the seat in the toilet room which could be held by passengers while sitting. In similar rooms on the steamships Hanover and Breslau, sister ships of the Chemnitz, such hand or guard rails are provided. A per-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

son just entering the toilet room and shutting the door could not reach the vertical hand rail because of its distance from the door. On the date of Mrs. Roehl's injury the sea had been rough and the vessel had been rolling and pitching, but the sea had become quiet and the ship was moving smoothly through the water, and Mrs. Roehl, taking advantage of the lull, entered the toilet room, but just as she shut the door behind her the ship gave a violent lurch, causing her to lose her balance, and there being nothing for her to grasp to keep herself from falling, she was violently thrown the length of the room and against the seat, and thereby received the injuries complained of.

On the foregoing facts we conclude that the failure of appellant to provide hand or guard rails near the door or along the side walls of the toilet room in question was negligence, and that such negligence was the proximate cause of the injuries sustained by Mrs. Roehl, and that she at said time was free of any negligence which contributed to her hurts.

These conclusions dispose, adversely to appellant's contention, of its second and third assignments of error, the former complaining of the action of the court in submitting for the jury's determination any issue as to the negligence of the defendant in failing to provide hand or guard rails on the side walls of the room, and the latter complaining of the refusal of the court to give its special charge instructing a verdict for defendant. M., K. & T. Ry. v. Criswell, 103 S. W. 695; same case, 101 Tex. 399, 108 S. W. 806; American S. S. Co. v. Landreth, 102 Pa. 131, 48 Am. Rep. 196; Burrows v. Lownsdale, 133 Fed. 250, 66 C. C. A. 650; Coney Island v. Dennan, 149 Fed. 687, 79 C. C. A. 375; Hrebrik v. Carr (D. C.) 29 Fed. 298.

[2] Another assignment presented by appellant, and designated the third assignment of error, is as follows: "The court erred upon the trial of said cause in overruling and denying the amended motion for a new trial filed by the defendant in this case, because said verdict was contrary to the evidence and not supported by it, and there being no evidence that other steamship companies or other persons engaged in similar transactions under like circumstances, furnished and equipped toilet rooms of this character, location, and dimension with hand rails or guard rails, and there being no evidence that the same were necessary, but on the contrary the evidence in this case of all witnesses who had had experience in such matters, are to the effect that such hand rails or guard rails were not in use and were not deemed necessary; and the evidence in this case shows that it could not reasonably have been foreseen by a very cautious or prudent person that such an accident as was alleged by plaintiff was likely to have occurred, the evidence being that while toilet rooms of this character had long been in use without hand rails or guard rails, no such accident as this was ever known to have occurred before, and that in equipping and furnishing said rooms the defendant used the same care, foresight, and caution as was used by very cautious persons engaged in like undertakings and under similar circumstances, and was considered by such persons to be sufficient and all that was necessary, and the evidence further discloses the fact that the room was three feet and two inches in width, and that persons by placing their hands upon the opposite side walls of said room could steady themselves, and thereby prevent themselves from falling, and that the plaintiff's wife failed to do this, and thereby protect herself against injury, and the evidence further shows that there was a handhold on one of the side walls of said room, and that plaintiff's wife made no effort to catch hold of or steady herself upon the handhold so furnished, and the evidence further showed that plaintiff's wife was familiar with the condition and equipment of said room, she having visited the same two or three times daily for ten days prior to the date of the accident, and that during said time the weather was rough, and that the ship was rolling, and that upon the occasion of her alleged injury plaintiff's wife failed to use such care and caution for her own protection as an ordinarily prudent person would have done under similar circumstances, and the evidence further shows that the direct and proximate cause of the injuries to the said Mrs. Mary Roehl was the sudden rolling or lurching of the ship, which was caused by the action of the waves."

While we think this assignment is also disposed of by our conclusions adversely to appellant, we will briefly give our reasons why we think it should not be sustained. The fact that other steamship companies and other persons engaged in a similar business had not equipped toilet rooms of the kind in question with guard rails, if such was proven to be a fact, did not justify appellant in failing to provide such a rail in the room in question, if a very cautious and prudent person, in the exercise of that high degree of care that is required by law of a carrier of passengers would have provided it. Whether such guard rail should have been provided, and whether a failure to so provide it was negligence, were questions that were, under the peculiar facts of this case, ones for the jury, and the jury's determination against defendant's contention is binding on this court. A negligent act, clearly shown to be such, cannot be justified by usage or custom. 6 Thomp. Neg. 7882; 21 Am. & Eng. Enc. 524; Burrows v. Lownsdale, 133 Fed. 250, 66 C. C. A. 650; Railway v. Hawes, 54 S. W. 326; Morgan & Bros. v. Railway Co., 50 Tex. Civ. App. 420, 110 S. W. 987; Kirby Lumber Co. v. Dickerson, 42 Tex. Civ. App. 504, 94 S. W. 153; Railway v. Duncan, 88 Tex. 614, 32 S. W. 878; Railway Co. v. Evan-

sich, 61 Tex. 6; Railway Co. v. Smith, 87 Tex. 348, 28 S. W. 520.

It is not true, as contended by appellant, that the undisputed evidence shows that such guard rails were not necessary. Mrs. Roehl testified that when she closed the door after entering the toilet room the ship lurched, and that she lost her balance; that had there been a handhold or guard rail close to the door, as there was on the steamship Breslau, she would have held to it, and that she would not have had the accident.

The witness John Young testified that in toilet rooms the width of the one in question he considered that it would be possible for a person to put his hands on the opposite walls and steady himself; that in the case of a lady, if the ship was pitching so that it was "headed down that way" the sides of the room being of iron, and with nothing to hold to, whether she would fall or not depended on the activity of the lady—"a fairly active lady might be able to hold herself"; that ladies at sea are generally not very active in catching anything, and that they could hold on to the rail best if they ever caught it. This evidence, together with the testimony which warranted the jury in believing that the defendant had equipped toilet rooms of the same size on its ships, Breslau and Hanover, with such guard rails, was ample, we think, to raise the issue. We cannot agree with appellant that the injury to plaintiff's wife, or some like injury to some person similarly situated, could not reasonably have been foreseen by appellant as likely to occur because of the absence of the guard rails. The testimony on this point was sufficient to take the case to the jury. Nor do we think that Mrs. Roehl was shown to have been guilty of contributory negligence in failing to steady herself by placing her hands on the opposite sides of the toilet room, or in failing to catch the guard rail near the seat when the vessel lurched. The walls were of iron and smooth, and the floor was of tiling. Mrs. Roehl testified that when the ship lurched she made an attempt to get hold of something but there was nothing there. "Even if I put my hands on the walls —the ship rolled considerably—and the tiling on the toilet floor was smooth, and there was nothing to steady your feet against. * * * I make the attempt, but there was nothing to grab hold of. When the ship rolls suddenly, if you haven't got something to hold on to you are going to fall because it comes quickly and suddenly. As I had nothing to hold on to or grab hold of, it tossed me across on the seat of the toilet. I did not grab hold of the handle by the toilet seat because it was too far for me to reach it." The issue under this evidence was for the jury. The assignment is overruled.

[3] Appellant's first assignment complains of the action of the court in sustaining plaintiff's special exception to its plea of assumed risk. This plea is as follows: "And specially answering said petition said defendant says that if the defendant was negligent, as alleged in said petition, in failing to furnish and provide said apartment or room with hand rails or guards, which is not admitted but denied by defendant, that the said Mrs. Mary Roehl, before and at the time of the alleged accident, had full knowledge of that fact, and well knew the condition of said apartment or room, and how the same was built, furnished, and provided, and that at the time the said Mrs. Mary Roehl visited and entered said apartment or room, as alleged in said petition, and for some time prior thereto, the said vessel was lurching and rolling on account of the action of the sea, which fact and condition was then and there known to the said Mrs. Mary Roehl, and in going into and entering said room or apartment under such conditions she, the said Mrs. Mary Roehl, assumed the risk of any and all accidents that she might sustain or receive thereby, the said defendant having provided other rooms or apartments which were furnished, provided, and equipped with hand rails and guards for the use of its passengers, which fact was then and there well known to the said Mrs. Mary Roehl, and that the said Mrs. Mary Roehl in entering the room or apartment, as alleged by her, under such conditions, assumed the risk of any and all injuries that she may have or did receive."

We think there was no error in sustaining the exception. There was no allegation that the danger of entering the room not equipped with hand rails was known to Mrs. Roehl, or that the danger was patent to her or any person of ordinary observation or experience in sea travel.

[4] But even if the plea in itself was sufficient, and even if it was error to sustain the exception, we think the undisputed evidence shows that, as a matter of fact, Mrs. Roehl did not, by entering the room at the time she did, and in the condition in which it was, assume the risk of danger due to the absence of the guard rail. It was the undisputed testimony of Mrs. Roehl that at the time of her entry the ship was moving smoothly through the water, although the sea had theretofore been rough, and the vessel had been rolling. The toilet room in question had been provided by appellant for the use of its lady passengers, and the use thereof was not only not forbidden, but impliedly invited. The fact that appellant had equipped the toilet rooms situated on another deck with guard rails, and that she knew this, was not notice to Mrs. Roehl that she was expected to make use of such other rooms, and not to use the one in question which was provided for her use and for the use of other lady passengers occupying staterooms on the same deck, or that the use of such room was hazardous. The appellant having provided the toilet room for the use of its passengers, it was bound to take notice that it was being

used, and in the absence of any notice or warning against using the same Mrs. Roehl had the right to assume that the room was in proper condition for use, although she may have known that it was not provided with guard rails and that other toilet rooms on another deck were so provided.

[5] In the absence of knowledge upon her part of the danger of using the room in the condition in which it was—and such knowledge or danger was neither alleged nor proved —she cannot be held to have assumed the risk. Railway v. Criswell, 101 Tex. 399, 108 S. W. 806. This being true, then, granting that the plea of assumed risk was sufficient, and that the court erred in sustaining plaintiff's exception thereto, the error was not prejudicial to appellant, and would not therefore require a reversal of the judgment.

[6] The sixth assignment is as follows: "Because the court erred upon the trial of said cause in overruling and denying the defendant's first amended motion for a new trial and refusing to set aside and vacate the verdict and judgment rendered in said cause, because said verdict and judgment was contrary to the evidence and unsupported by the evidence, in that, as the result of said accident, the said Mary Roehl charges that she is unable to use her left lower limb, and the undisputed evidence was and is that long prior to this accident, to wit, September, 1909, and prior thereto, that the said Mrs. Mary Roehl was suffering from some affection, which caused a certain numbness and pain in her left lower limb, and that she was then suffering from various ailments and infections, and from the effects of nervous overstrain or neurasthenia, and the extent of her injuries, if any, is uncertain and indefinite, and the undisputed evidence shows that the said Mrs. Mary Roehl was suffering from some affection long prior to the date of the alleged accident."

We think this assignment presents no reversible error.

[7] It is doubtless true that the evidence warranted a finding that Mrs. Roehl, prior to the accident, was suffering from some affliction which caused a numbness and pain in her left leg, and from the effects of nervous overstrain or neurasthenia, and yet they may have believed from the evidence that at the time of the trial she was suffering from direct injuries caused by her fall or from an augmentation of prior affliction. If she was so suffering prior to the accident it could avail defendant nothing as a defense to the action if those afflictions were increased by defendant's negligence. The question in such case would be as to the amount of damages sustained by her due to the negligent augmentation of her injuries and suffering. That she suffered some injuries as the result of her fall the evidence was suffi-

cient to establish. She was in a deplorable physical condition at the time of the trial, and both she and her physician, Dr. Sappington, attributed her then condition to the accident that befell her on the Chemnitz. The assignment is overruled.

[8] Appellant's fourth assignment complains that the verdict and judgment are excessive. We need only say in passing on this assignment that we have carefully examined the evidence bearing on the extent of Mrs. Roehl's injuries, and find testimony in the record which justified the jury in returning a verdict for the amount which they awarded the plaintiff.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.