# RAILWAY COMPANY *v.* WALLACE.

## (*Nashville.* February 28, 1891.)

1. NEGLIGENCE. *Erroneous charge as to proximate cause and contributory negligence. Case stated.*

   In suit against railway company by a brakeman for injuries sustained while on duty in an effort to board a moving train, there was evidence tending to show that the brakeman was inexperienced; that he, in making the effort to board the train, acted under order of the engineer and conductor, or, at least, believed that he had such order, having, in consequence of the attendant noise and the confusion produced by the acts of his superiors, misunderstood the order given. There was evidence on the other hand tending to show that the train was running at a rate of speed that made the effort to board it dangerous; that the conductor ordered the brakeman not to board the train, and believed the order was understood. The conductor saw the brakeman approach the moving train, running as if to board it. Prompt action taken at this time to stop the train would have averted the injury; but there was not time to prevent the injury after the brakeman had put himself in a place of danger by actually attempting to get on train.

   *Held:* The Court erred in charging upon these facts that the railway company was guilty of reckless conduct, and could not rely upon plaintiff's contributory negligence in defense, if the train could, by the exercise of ordinary care, have been stopped by efforts begun immediately upon the conductor's discovering the brakeman approaching train as if to board it; and that the jury might look to the acts of the conductor to ascertain whether he knew that the brakeman intended to board train. This charge invades the province of the jury, and determines for them the proximate cause of the injury. It excludes from consideration the plaintiff's contributory negligence.

2. SAME. *Same.*

   The doctrine that an injured party can recover for his injuries, however negligent he may have been in putting himself in a place of danger,

if the party inflicting the injuries could have avoided doing so by the exercise of ordinary care, cannot apply to the facts of this case, because there is no evidence that the injury could have been averted after the brakeman had put himself in a place of danger by actually attempting to get on the train.

3. SAME. *Same.*

The doctrine prevails in Tennessee that the plaintiff's negligence or wrongful conduct may be considered in mitigation of damages, however wanton, willful, and reckless the act of the defendant which produced the injury may have been. The charge in this case to the contrary is erroneous.

Case cited and approved: Railroad *v.* Fleming, 14 Lea, 137.

4. SAME. *Same.*

The Court's charge is both erroneous and contradictory, in that, after stating correctly that plaintiff had no right, even if ordered by the conductor, to board the train if going at a dangerous speed, the Court adds: " If you find that the proximate cause of the accident to the plaintiff was his attempt to board the train while in motion, you will proceed to inquire whether the plaintiff exercised ordinary care in making the attempt, or if he could have avoided the accident by the exercise of ordinary care and prudence."

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner County. B. F. ALLEN, Sp. J.

J. J. TURNER, C. R. HEAD, and W. G. HUTCHESON for Railway Company.

S. F. Wilson, G. W. Boddie, and R. K. Gillespie for Wallace.

Dickinson, Sp. J. This is an action by Wallace for personal injuries alleged to have been sustained through the negligence of defendant's servants. Wallace, being about twenty-one years of age, was then in the employ of defendant as front brakeman on a freight-train composed of about twenty-four cars, most of them empty, bound north. When the train reached Thompson's Station, it went on the side-track to permit another train to pass. On the side-track was one or more box-cars, and it was necessary to push them forward with the engine to obtain room for the train.

There is testimony to the effect that the engineer (the conductor at this juncture not being present) told Wallace, at the north end of the side-track, to uncouple the engine from the car, when the south-bound train should have passed, get on it, unfasten the brakes, and, following the backing train, let the car run back to its former position, then put on the brake and get on his train as it came north after having attained the main track, and that the train would run slowly enough to permit him safely to do so. There is evidence tending to show that Wallace was inexperienced in the business; that he obeyed the direction of the engineer, as above set out, and that without unnecessary delay he proceeded to the main track and met his train; that the conductor was on the

engine; that the engineer, just before he passed Wallace, cut off steam to slacken the speed of the train; that in passing, the conductor, standing in the gangway, said something to Wallace—which he did not hear, and could not hear in his situation, on account of the noise of the train—and made a motion with his hand, which Wallace understood to be a direction to get on the rear of the train.

Of the foregoing, most of the material facts are in dispute. The engineer denies that he directed Wallace to get on the train in motion, and that he stated that it would be run slow enough to permit him safely to do so. The conductor testifies that in passing Wallace he told him to get on the second section, which was following this train, and that he motioned him to that effect; and that Wallace nodded his head in assent. In this he is corroborated by the engineer. After this order was given, steam was put on, and the speed of the train increased.

There is evidence tending to show that the train was going ten or twelve miles per hour, and that it is dangerous to attempt to get on cars moving at this rate, and that a person running by the side of and in a direction opposite to that of a moving train cannot well judge of the speed of the train.

Wallace ran some distance until the train had nearly passed, and then turned to run with it to get on. He slipped or was jerked down to his

Railway Company *v.* Wallace.

knees, and recovered himself, and ran with the train some distance, and attempted to get on, and fell under the cars, which crushed his foot and ankle, necessitating amputation.

The conductor saw the movements of Wallace from the time he spoke to him until he was injured.

There is evidence tending to show that the conductor could have stopped the train within this period, and that no such effort was made. There is no evidence tending to show that it was possible for defendant to have avoided the injury after Wallace had placed himself in a position of danger by actually attempting to get on the train.

There was a judgment for plaintiff.

The first error assigned is that the Judge charged as follows: "If you find from the proof that the conductor saw that the plaintiff was attempting to board the train, or about to do so, in time, by the use of ordinary care, to prevent the injury, and if the conductor, after he saw that Wallace was about to attempt to get on the train, had time to slack the speed of the train, and failed to do so, then the defendant is chargeable with reckless injury, and cannot rely upon the negligence of the plaintiff. How this is you will look to the evidence. You will look to the acts of the conductor, and see whether he gave any instructions to the plaintiff, to determine whether the conductor knew that the plaintiff was attempting to board the train. To give the plaintiff the benefit of

this principle, you must find from the evidence that the conduct of the conductor was willful and reckless."

This states as an absolute judicial conclusion that the defendant is chargeable with reckless injury (and, further, that it cannot rely upon the negligence of the plaintiff) if the jury shall find the following facts:

*First.*—That the conductor gave such instructions to plaintiff as would show that he knew that plaintiff was attempting to board the train.

*Second.*—That the conductor, having so instructed, saw the plaintiff attempting to board the train, or about to do so, in time, by the use of ordinary care, to prevent the injury by slackening the speed of the train, and that he willfully and recklessly refused to do so.

This is manifest error, for it invades the province of the jury, and asserts, in effect, that such action on the part of the conductor is the proximate cause of the accident, and excludes from the consideration of the jury, in passing on this proposition, the question whether or not the plaintiff, under all the circumstances, was negligent in attempting to get on the train moving at the speed it was, and whether or not his own recklessness or want of proper care was the proximate cause of the injury. It instructs the jury that they may look to the acts of the conductor, and whether he gave any instructions to plaintiff, *to determine whether he—the conductor—knew that the plaintiff was*

*attempting to board the train.* The jury, in this connection, should have been instructed that they might look to the acts and instructions of the conductor to determine whether. or not plaintiff, relying on them, was justified in making the attempt he did.

The proposition omits this element entirely, and makes defendant liable · simply if the conductor knew and saw he was making the attempt, no matter how reckless and unjustified it might be, and so seeing, willfully failed to slacken the speed of his train.

To sustain this part of the charge, the proposition is relied on that no matter how negligent the injured party may have been in putting himself in a place of danger, he can recover for injuries inflicted by one who could have avoided injuring him by the exercise of the ordinary care which is usual with prudent persons under the circumstances.

This is a sound principle, fully approved by us, and is generally accepted. Lawson's Rights, etc., Vol. III., Sec. 1199; Thompson on Negligence, 1157, *note;* Wharton on Negligence, Sec. 325.

This principle has no application to the charge assailed, in view of the facts of this case. Mr. Lawson, illustrating it (Vol. III., Sec. 1199), says: "Thus, if the engineer of a train, on discovering a boy on the track, fails to do that which he might do to avoid striking him, and recklessly and wantonly goes on, the company is liable." Where this doctrine has been applied, the plaintiff,

as in the case cited, must, antecedent to the negligence of defendant, have placed himself in a position where defendant negligently injured him. Up to the very moment he attempted to get on the train, plaintiff was in no danger. If he had remained passive, all that defendant did would never have injured him. Therefore, under this view of the case (disassociated from any inducements upon the part of a superior that may have operated on the mind of Wallace to make the attempt, if he, under the circumstances, did not know the danger), the conductor could not have been guilty of negligence unless he could, after Wallace had, by the attempt, put himself in a place of danger, have averted the accident by ordinary care. If one be driving a vehicle in the street, and another, no matter how negligently, by attempting to get on it or otherwise come into a place of danger, the driver, after the danger is present and imminent, must use care to avert it; but he is under no duty to stop his vehicle if one should run by the side of it with the manifest purpose of jumping on it; for, if he be going at a speed that such an attempt might be made safely, it will not be negligent for him to go on; and, if the speed be such as to make the attempt dangerous, he has the right to assume that it will not be made.

On a former trial of this cause this Court announced the law to be that "if Wallace was about to be left by the train passing by rapidly,

yet was bound to act carefully and prudently and
with due care, and if it was passing so rapidly as
to make it dangerous to attempt to get on it,
then it was his duty not to attempt to get on it,
and for his mistake of judgment the company is
not responsible."

On the trial now in question the Judge gave
said instruction at defendant's request.

While charging that it was the duty of Wallace
not to attempt to get on the train, if it was pass-
ing so rapidly as to make it dangerous, he, in
the instruction which is now under consideration,
tells the jury that if the conductor saw that he
was attempting to do—what he charges he had no
right to do—in time to prevent the injury by
slackening the speed of the train, and failed so to
do, defendant would be guilty of reckless injury,
provided the conductor, from his own previous acts
and instructions, knew that plaintiff was attempting
to board the train.

The charge first above quoted is also erroneous
in that it positively, under the facts propounded,
excludes from the consideration of the jury any
negligence that plaintiff may have been guilty of
in diminution of damages.

· It is urged that when the conduct of a defend-
ant is wanton and willful, or where it indicates
that degree of indifference to the rights of others
which may justly be characterized as recklessness,
the doctrine of contributory negligence has no place
whatever. This is the rule as stated by Mr. Cooley

and others.    Cooley on Torts, Sec. 664;    Lawson's Rights, etc., Vol. III., Sec. 1199.

The contrary doctrine prevails in Tennessee. Our decisions are that the plaintiff's negligence or wrongful conduct may be considered in the mitigation of damages, whether the defendant's conduct has been merely negligent · or reckless and wanton. *Railroad* v. *Fleming,* 14 Lea, 137.

The tenth assignment is that the Judge charged as follows: "If you find that the proximate cause of the accident to the plaintiff was his attempt to board the train while in motion, you will proceed to inquire whether the plaintiff exercised ordinary care in making the attempt, or if he could have avoided the accident by the exercise of ordinary care and prudence. "If you find that he could have done so, and failed to exercise ordinary care and prudence, then he cannot recover except in the case hereafter stated."

The direct inference from this instruction is that plaintiff could recover if he used ordinary care in attempting to board the train, even though such attempt was the proximate cause of the injury. If such attempt was the proximate cause, the utmost care and skill in making it would not make the act of another the proximate cause.   ·

He charged in another place that Wallace had no right, even if ordered by the conductor, to board the train if going at a dangerous speed. This, in effect, was a declaration that his own negligence was the proximate cause if he made

such attempt. The charge as an entirety, then, states the doctrine that Wallace had no right to attempt to board the train if it was going at a speed making it dangerous to attempt to get on, but if in doing this he acted with ordinary care, then he was guilty of no negligence.

It cannot be supposed that a jury, unskilled in legal interpretation, could apply the facts to such contradictory instructions with any clear conception of the law governing them.

Plaintiff, unless he was ordered by a superior to get on the train, in motion, and this order was coupled with a statement that the train would pass slowly enough to get on safely, and relying on this order and statement, he, induced by the shutting off of steam and the action of the conductor, to believe that the train was being slowed up for that purpose, and that he was then directed to get on, and from his position not being able to judge correctly of the speed, and not knowing it was dangerous, made the attempt to get on, and so was injured, could not recover; for on any other hypothesis from the facts in this record his own rashness was the proximate cause of the injury. Though the engineer may have made the statement as testified to by Wallace, yet if the conductor did not know this, or, if knowing it, he had reasonable grounds to believe that Wallace understood the order which he says he gave in passing, his conduct was not negligent. There should have been a consideration of contributory

negligence upon the part of Wallace in diminution of damages, if the jury found that he acted rashly, notwithstanding the existence of the facts stated in the foregoing hypothesis.

It is assigned as error that the verdict is so excessive as to show passion or prejudice. While the verdict is large—very much larger than those rendered by two other juries on former trials—we do not determine that it is so excessive as to show passion or prejudice, in view of the charge of the Court, which directed the jury to exclude all consideration of contributory negligence in the event that the conductor failed willfully and recklessly to stop the train under the circumstances set out in the portion of the charge first quoted.

As the question of amount of damages allowed is not before us under a proper charge, the Court will not undertake to pass upon it under this assignment, as the amount, even if palpably excessive, most likely resulted from the manifest error in the charge.

Reversed and remanded.