GARRETT v. ATKINS.*

(Circuit Court of Appeals, Fifth Circuit. October 6, 1919. Rehearing Denied December 6, 1919.)

No. 3333.

1. SALES ⊜➾110(2)—PETITION IN ACTION FOR RESCISSION INSUFFICIENT.

Since under the common law, failure to pay the price for personal property when agreed is not ground for rescission of the sale, a petition therefor does not state a cause of action, where it fails to show that the contract was made in a jurisdiction where the law gives such right.

2. SALES ⊜➾194—EFFECT OF DEFAULT OR DELAY ON RIGHT OF PURCHASER TO MAKE PAYMENT.

Civ. Code La. art. 2546, providing that, in a suit for dissolution of a contract for sale of movables for nonperformance, it shall not be within the power of the judge to enlarge the time for performance, construed in connection with other provisions, applies only to contracts in which the resolutory condition is expressly stipulated, and, where the contract contains no provision for its dissolution for nonpayment of the price when agreed, the defaulting purchaser may make payment at any time before final judgment.

In Error to the District Court of the United States for the Western District of Louisiana; George W. Jack, Judge.

Action by J. W. Atkins against L. C. Garrett. Judgment for plaintiff, and defendant brings error. Reversed.

Edward Barnett and G. W. Hardy, both of Shreveport, La. (E. H. Randolph, Allen Rendall, and A. B. Freyer, all of Shreveport, La., on the brief), for plaintiff in error.

J. D. Wilkinson, of Shreveport, La. (Wilkinson & Lewis, of Shreveport, La., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The judgment presented for review is one canceling or rescinding, at the instance of the seller, a sale made by J. W. Atkins to L. C. Garrett of 50 shares of the capital stock of the Lenzburg-Crichton Oil & Gas Company. For the purchase price Garrett gave his note to Atkins, secured by a pledge of the certificate for the stock sold. Atkins discontinued the suit he brought on the note after it matured, and afterwards brought this suit in a Louisiana state court for the rescission of the contract. The petition averred the nonresidence of the defendant. The latter appeared in the suit by attorneys, and on his application the suit was removed to the court below. Before judgment in this suit he tendered the amount of the note given for the price of the stock, with interest and costs.

[1] The suit is the assertion of the right given by the law of Louisiana to have such a contract rescinded because of the purchaser's noncompliance with his engagement. The averments of the petition do not show that the contract in question was made in Louisiana, or the existence of any ground for rescinding it, if it was made in a jurisdic-

tion in which the common law is in force. The contract did not expressly provide for the seller having the right to rescind in the event of the purchaser's failure to pay the price when due. If it is not consistent with the obligation created by a contract for it to be subject to rescission on a ground not recognized by the law of the place where the contract was made, it seems that a right to have a contract of sale of personal property rescinded for the nonpayment of the price within the time stipulated for the payment is not shown by a petition which fails to show that the sale was made in a jurisdiction the law of which gives the right of rescission on that ground. In behalf of the plaintiff in error, the defendant below, it is contended that the evidence showed that the sale in question was made in Alabama. Whether that contention is well founded or not, the right asserted being one peculiar to the law of Louisiana, it seems that a petition which fails to show that the sale sought to be rescinded was made in that state must be regarded as failing to show a material element of the cause of action relied on.

[2] But it may be assumed that the judgment cannot properly be reversed because of the failure of the petition to show that the contract sought to be rescinded is one governed by the Louisiana law. The court decided that the purchaser could not be allowed to prevent the rescission prayed for by paying the purchase price, interest, and costs, after the suit for rescission was brought. A review of that ruling calls for a consideration of the following articles of the Civil Code of Louisiana:

"2046. A resolutory condition is implied in all commutative contracts, to take effect, in case either of the parties do [does] not comply with his engagements; in this case the contract is not dissolved of right; the party complaining may either sue for its dissolution, with damages, or, if the circumstances of the case permit, demand a specific performance.

"2047. In all cases the dissolution of a contract may be demanded by suit or by exception; and when the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performance of the condition."

"2563. If, at the time of the sale of immovables, it has been stipulated that, for want of payment of the price within the term agreed on, the sale should be of right dissolved, the buyer may nevertheless make payment after the expiration of the term, as long as he has not been placed in a state of default, by a judicial demand, but after that demand, the judge can grant him no delay.

"2564. In matters of sale of movable effects, the dissolution of the sale shall take place of right, if demanded, without its being in the power of the judge to grant any delay, except that fixed by law."

The ruling gave to article 2564 the effect of depriving the court of the power to allow the defendant to prevent a rescission of the sale by tendering payment of the price, interest, and costs, after the suit for rescission was filed. That provision is to be interpreted in the light of the connection in which it is found, and of the other provisions of the Code dealing with the right of a party to a contract to have it rescinded or dissolved. Article 2046 evidences the existence of the rule that resolutory conditions which are implied, not expressed, do

not take effect upon a party's noncompliance with his engagement. Article 2047 provides in effect that when a resolutory condition is an event depending on the will of a party it must be sued for, and that the bringing of such suit does not prevent the party in default being allowed to perform. Article 2564 would conflict with articles 2046 and 2047, if the former means that a contract of sale of movable effects which does not stipulate for its dissolution on the nonpayment of the price within the time agreed on is dissolved of right, if demanded, without it being in the power of the judge to grant any delay, except that fixed by law. Under article 2047 the defaulting party to such a contract may be allowed to perform after the other party has brought suit for a rescission.

If only the language of article 2564 is looked to, dissociated from its context, and without regard to other provisions of the Code dealing with the right of a party to a contract to have it rescinded or dissolved, it conveys a meaning which it cannot be supposed was intended. Though it does not mention a noncompliance with a condition of a sale of movables, it is not to be supposed that it was intended to provide that a dissolution of such a sale should take place of right, if demanded, without the party proceeded against being in default. If the language used is considered, not by itself, but in the light of the connection in which it is found, it has a meaning which it is reasonable to suppose was intended, and does not conflict with other provisions of the Code. Reading it in connection with the next preceding article, which deals with a sale of immovables accompanied by a stipulation that, for want of payment of the price within the time agreed on, the sale should be dissolved of right, it is plain enough that article 2564 was intended to deal with a sale of movable effects accompanied by such a stipulation as that mentioned in article 2563 dealing with a sale of immovables, and that there was an absence of any intention to make the provision of article 2564 applicable to sales of movables unaccompanied by an express resolutory condition. There is no conflict between articles 2046 and 2564 if the operation of the latter is confined to sales of movables accompanied by an express resolutory condition.

By quoting with approval a statement of a French commentator with reference to the corresponding articles of the Code Napoléon, the Supreme Court of Louisiana, in the opinion rendered in the recent case of Watson v. Feibel, 139 La. 393, 71 South. 585, recognized that article 2564, like article 2563, deals only with a sale in which a rescission for nonpayment of the price within the time agreed on is stipulated for. The conclusion there expressed is not deprived of weight by the circumstance that it was a sale of real estate which was sought to be rescinded in that case. The following was said in the opinion in that case:

"Plainly, the distinction is this: That where the resolutory condition has been expressly stipulated and takes place of right, the purchaser has until judicial demand in which to pay; but where it is only implied and takes place only as the result of a final judgment, he has until final judgment in which to pay."

That statement referred to sales of real estate. The above-quoted Louisiana statutes also make a distinction between sales of personal property where it is stipulated that the seller has the right to rescind if the purchaser fails to pay the price when due and such sales where a right to rescind is not expressed. There is no provision giving to the bringing of a suit for rescission by a seller of movables in whose favor a right to rescind has not been stipulated for the effect of depriving the court of the power of permitting the defaulting purchaser to perform.

We think the foregoing considerations warrant the conclusion that the provision of article 2564 is inapplicable to the contract of sale which is in question in this case, as that contract contained no stipulation conferring on a party to it the right of having it rescinded or dissolved. The right of the plaintiff to have the contract dissolved being the implied one given by article 2046, the defendant's tender of performance did not come too late.

Because of the court's error in ruling otherwise, the judgment is reversed.