## ATKINS v. GARRETT.

(Circuit Court of Appeals, Fifth Circuit. February 15, 1921.)

No. 3559.

1. **Corporations** ⬅️121 (1)—**Limitation of actions** ⬅️68—**Accrual of right of action for conversion of stock stated.**

A seller of corporate stock, to be delivered at a later time on payment therefor, who took the purchaser's note, to which a certificate for the number of shares bought was attached as collateral, is not chargeable with conversion because he sells that particular stock, his obligation being fulfilled by the delivery of the requisite number of shares of the same stock; but his refusal to make delivery on tender of payment of the note constitutes a conversion, and from that time prescription against an action for conversion begins to run.

2. **Trover and conversion** ⬅️46—**Measure of recovery for seller's conversion of stock stated.**

In an action for conversion of stock by a seller, brought after his refusal to make delivery on tender of the agreed price, the measure of recovery is the value of the stock at the time of the conversion, and defendant cannot then avoid liability by a tender of the stock, which in the meantime has declined in value.

3. **Damages** ⬅️40(1)—**Interest statute applicable to pending suits.**

Acts La. 1916, No. 206, providing for allowance of interest from the date of judicial demand, *held* to apply to an action for damages pending at the time of its passage, and to authorize allowance of interest from date of suit.

In Error to the District Court of the United States for the Western District of Louisiana; George Whitfield Jack, Judge.

Action at law by James W. Atkins against L. C. Garrett. Judgment for defendant, and plaintiff brings error. Affirmed.

See, also, 261 Fed. 587.

J. D. Wilkinson, of Shreveport, La. (Cook & Cook and Wilkinson, Lewis & Wilkinson, all of Shreveport, La., on the brief), for plaintiff in error.

G. W. Hardy and Edward Barnett, both of Shreveport, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. June 25, 1915, James W. Atkins, plaintiff in error, sold to L. C. Garrett, the decedent of defendant in error, 50 shares of the capital stock of the Lenzburg-Crichton Gas & Oil Company, accepted in payment Garrett's note for $5,000, payable 60 days thereafter, and attached to the note, as security, a certificate for the stock. Garrett failed to pay the note at maturity, and on September 8, 1915, Atkins brought suit on it in the state court, and prayed for a sale of the stock which he held as collateral. Garrett, being a citizen of Alabama, removed the case to the United States District Court for the Western District of Louisiana, whereupon Atkins dismissed it, and on October 30, 1915, filed the present suit, which is one to dissolve the contract of sale, under article 2561, Civil Code of Louisiana, and tendered Garrett's note back to him. February 1, 1916, Garrett tendered payment of the note, together with interest and costs of suit, which Atkins declined to accept. October 20, 1916, Garrett filed an answer in reconvention, claiming damages for the conversion of the stock, and praying in the alternative for the delivery to him of the specific 50 shares represented by the certificate, and also for the dividends which had been declared and paid on the stock, less the amount of the note, with interest.

A few days after the note was given, and before it was due, the Lenzburg-Crichton Gas & Oil Company struck oil, and on August 10, 1915, declared a dividend of 8 per cent. on the capital stock. October 23, 1915, the company struck oil again, and, prior to Garrett's demand in reconvention, paid dividends which in the aggregate amounted to 107½ per cent. of its capital stock. Of these dividends, one of 25 per cent., which was the second one, was declared on January 15, 1916, and another of 25 per cent. was declared on February 15, 1916. The stock had a market value of $200 per share in October, 1915, but there was no direct testimony as to its market value on February 1, 1916, the date of Garrett's tender of payment. Atkins sold the stock represented by the certificate on September 11, 1915, but held more than 50 shares of capital stock continuously from the time the note was given until May, 1917, when he sold out his entire holdings at $18 per share.

July 20, 1918, the District Court held that Garrett's tender of payment came too late, and entered judgment in favor of Atkins, revoking and setting aside the sale of stock, and rejecting Garrett's demand in reconvention. This judgment was reversed by this court in Garrett v. Atkins, 261 Fed. 587. Thereafter Atkins pleaded the prescription of one year in bar to Garrett's demand in reconvention, and tendered to Garrett 50 shares of the capital stock of the oil company, claimed to be worth par, and the dividends and interest thereon, less the amount of the note and interest, which tender the District Court refused to require Garrett to accept. By written stipulation, the trial was held by the court without a jury, and resulted in a judgment for Garrett in the sum of $10,400, with interest thereon from October 20, 1916, subject to a credit of $5,000, with interest thereon from August 25, 1915, to February 1, 1916. It is apparent that the trial court fixed the value of the stock at $200 per share, and added to that the dividend of

August 10, 1915, which was declared before the note became due, allowed Garrett interest from the date of his demand in reconvention, and, on the other hand, allowed Atkins interest from the date the note became due to the date payment was tendered.

The assignments of error assail the judgment, because it is based upon the value of the stock, and also assert that the amounts awarded, even upon that basis, are incorrect.

[1] In Louisiana, actions ex delicto are barred by the prescription of one year, while actions ex contractu are not barred until the expiration of ten years. It is not claimed that the conversion of the stock actually occurred more than a year prior to the filing of Garrett's demand in reconvention, but only that it was so alleged therein. On the contrary, plaintiff in error takes the position that there was no conversion until he sold out his holdings of stock in May, 1917.

Plaintiff in error was not bound to deliver the particular certificate he retained as security, and which he sold on September 11, 1915; but his obligation would have been fulfilled by the delivery, upon tender of the purchase price, of any similar 50 shares of capital stock. 21 R. C. L. 682. But when plaintiff in error failed and refused to deliver 50 shares of the capital stock upon tender of the purchase price on February 1, 1916, he then became liable for a wrongful conversion. 26 R. C. L. 1110, 1112. It therefore becomes immaterial whether Garrett's demand was barred in one year or in ten years, because less than a year had elapsed since it accrued.

[2] There is no merit in the contention that Garrett was not entitled to recover the value of the stock as damages, because he prayed, in the alternative only, for the delivery of the specific shares he contracted to buy. It was only in the event the court denied the primary demand that a less measure of relief was sought.

It follows that the court did not err in entering a judgment for the value of the stock. It is contended that the value of the stock should have been fixed as of May, 1917, because until that time plaintiff in error had on hand more than the number of shares he agreed to sell to Garrett, and also that, at least, the court should have required Garrett to accept the stock tendered at the trial.

These contentions are manifestly untenable, because they lose sight of the tender of the purchase price theretofore made. The positions assumed by plaintiff in error have shifted with the fortunes of the Lenzburg-Crichton Gas & Oil Company. Almost immediately after the sale to Garrett, the stock rose in value above the contract price. Plaintiff in error first sought to apply the stock to the payment of his note, and, when it appeared probable that he would be thwarted in that effort, he abandoned it, and then, having already sold the stock again and to a third party, he sought to have the contract of sale to Garrett revoked. For awhile the company was very prosperous and paid out large dividends, but the value of the stock continued to be greater than the purchase price agreed upon and the dividends declared and paid combined. During that period, plaintiff in error quite naturally preferred the stock itself to the purchase price and the dividends.

Finally, however, during the progress of this litigation, the stock of the company declined, until its value was less than either contract price or dividends. Plaintiff in error now insists, in the event he cannot defeat Garrett's claim outright, upon being credited with the purchase price and dividends, and charged only with the depreciated value of the stock.

That the value of the stock was correctly fixed as of the date of its conversion is abundantly supported by the Louisiana decisions. Arrowsmith v. Gordon, 3 La. Ann. 110; Marchesseau v. Chaffee, 4 La. Ann. 24; Vance v. Tourne, 13 La. 225; Schlater v. Gay, 28 La. Ann. 340; Stoner v. T. & P. Ry. Co., 45 La. Ann. 115, 11 South. 875; Kory v. Layman, 108 La. 247, 32 South. 441.

It is argued that there was no evidence as to the market value of the stock on February 1, 1916, when it was converted. The case having been tried before the court without a jury, by stipulation, the findings will not be disturbed, if supported by the evidence. It is admitted that in the preceding October the stock had the value fixed by the court. From January 15, immediately preceding, to February 15, immediately following, the date of conversion, a dividend of 25 per cent. the largest for a like period of time, was declared and paid. At this particular time the company was in its most prosperous condition and showed its greatest earning power.

[3] Neither does there appear to be error, as contended, in allowing Garrett interest from October 20, 1916, the date of his answer in reconvention, instead of from the date of judgment. Although this suit was brought before the passage of Act 206 of the 1916 Acts of the Legislature of Louisiana, which for the first time permitted interest from the date of judicial demand, yet the judgment was entered after the act became effective. In a case construing this act under similar circumstances, the Supreme Court of Louisiana allowed interest from judicial demand. Bradley v. Shreveport Gas, Electric Light & Power Co., 142 La. 58, 76 South. 230.

There is no merit in the contention that interest should have been allowed on the note from its due date to the date of judgment, in view of the tender made.

The judgment is affirmed.