MISS LOU SAUCIER v. MARTIN S. ROBERTS, JR.

Middle Section. February 6, 1926.

No petition for Certiorari was filed.

1. **Trial. Instructions. Refusal of a proper instruction on a question on which jury found for appellant is not reversible error.**
   In an action for damages for personal injuries where court refused a charge on contributory negligence and the jury found for appellant, held that since jury found for her on that point she was not hurt by the refusal of the instruction and cannot urge the error on appeal.

2. **Trial. Instructions. Instructions on negligence held bad.**
   In an action to recover damage for personal injuries caused by being struck by an automobile an instruction telling jury that party operating a car in violation of statute is guilty of wilful misconduct so that contributory negligence is not a defense, held bad.

3. **Negligence. Contributory negligence will not defeat recovery if defendant is guilty of gross negligence.**
   If the wrong on the part of the defendant is so wanton and gross as to imply a willingness to inflict the injury, the plaintiff may recover, not withstanding his own contributory negligence.

4. **Negligence. Operating car in violation of statute fixing speed limit at twenty miles per hour not gross negligence.**
   Merely because a defendant is operating an automobile in violation of the statute fixing the speed limit at twenty miles per hour, he is not neces-

sarily guilty of "wilful misconduct" that will preclude him from relying on the proximate contributory negligence of the plaintiff as a defense.

**5. Statutes. Same rule applies to municipal ordinances as to State statutes.**
In Tennessee, the rule applies alike to violations of State statutes and municipal ordinances.

**6. Damages. Assessment of damages is peculiarly within province of the jury.**
In an action for damages for personal injuries the assessment of damages is peculiarly within the province of the jury.

**7. Damages. There is no exact standard by which compensation for personal injuries can be awarded.**
The law prescribes no exact standard by which the compensation to be awarded for personal injuries shall be awarded. Full compensation is impossible in the abstract, and different individuals will vary in their estimate of the sum which will be a just pecuniary compensation. Therefore, the appellate court will not attempt to substitute its judgment for that of the jury.

**8. Damages. Amount of damages may be reduced by remote contributory negligence.**
If plaintiff is guilty of some negligence but that negligence did not directly and proximately cause or contribute to the injury yet it will reduce amount of damages.

**9. Trial. Instructions. Instructions on remote contributory negligence, held good.**
In an action for personal injuries caused by being struck by automobile an instruction telling jury if they found plaintiff guilty of remote negligence they should reduce 'the amount of damages they would otherwise allow, held good.

**10. Damages. Appellate court will not disturb verdict of jury merely on account of smallness of damages awarded.**
It is a general rule that verdicts in personal injury actions will not ordinarily be disturbed merely on account of the smallness of the damages awarded. But this rule is subject to the exception that a verdict will be set aside and a new trial granted where the damages awarded are so small as to induce the conviction that the verdict was the result of passion, prejudice, or partiality; or that the verdict was the result of mistake or oversight on the part of the jury in failing to take into consideration the proper elements of damage in assessing the amount of the recovery; or that the verdict was the result of the failure of the jury to decide the issues submitted to them; or that the verdict was the result of misapprehension on the part of the jury as to the proof or as to the charge of the court.

**11. Damages. Smallness of verdict held not to show prejudice on part of jury.**
In an action for damages for personal injuries where plaintiff lost four teeth, a verdict of $300 held not to be so small as to show prejudice.

Appeal in Error from Third Circuit Court, Davidson County; Hon. E. F. Langford, Judge.

Affirmed.

Chas. L. Cornelius, and E. J. Walsh, of Nashville, for plaintiff in error.

Wm. Hume, of Nashville, for defendant in error.

FAW, P. J. The plaintiff below, Miss Lou Saucier, is the plaintiff in error here. In this opinion, the parties will be called plaintiff

and defendant, respectively, as they appeared on the record in the trial court.

Plaintiff brought this suit in the Third circuit court of Davidson county, on April 29, 1925, and thereafter filed a declaration in four counts, the first count being in these words:

"Plaintiff, Miss Lou Saucier, who sues by her next friend, Charles S. Pendleton, sues the defendant, Martin S. Roberts, Jr., for five thousand ($5000) dollars damages and for cause of action alleges:

"That on or about November 22, 1924, at about 10:30 o'clock, P. M., while plaintiff, who had just alighted from a street car, accompanied by a young lady friend, was undertaking to cross Twenty-first avenue, south, from the west side of the street to the east side at or near the point where Dixie Place intersects with said Twenty-first avenue, south, and while plaintiff was using all due care and caution for her own safety, a Buick sedan automobile belonging to defendant and being operated at the time by defendant's minor son, Martin S. Roberts, III, with the consent and on the business of defendant, as defendant's agent, was negligently and recklessly driven in a northerly direction into and against plaintiff while she was crossing said street, as she had a right to do, and while she was in the exercise of due care and caution for her own safety, as above stated.

"Plaintiff avers that at the time said automobile was being driven at a reckless, unlawful and excessive rate of speed, and although the defendant's said agent, with the exercise of ordinary care could have brought his car to a stop in time to prevent the collision, he negligently, carelessly and recklessly failed to keep the automobile under such control, with the result that plaintiff, who was entitled to assume that said automobile was being operated in a lawful manner and was under the control of defendant's said son, was struck by the automobile, knocked violently to the ground and dragged for a distance of ——— feet, so that she was broken, cut and bruised about her head, mouth and other parts of her body and rendered unconscious.

"Plaintiff avers that as the direct result of the reckless, negligent and careless conduct of the defendant's agent, four of her front teeth were broken off and crushed, her head and face were badly scarred, her body was painfully bruised and she was forced to lose ——— days from her studies, and in addition suffered the most excruciating pain and anguish.

"Plaintiff has been advised that her injuries are permanent and that she will be compelled to go through life with her personal appearance marred and her health and comfort seriously impaired.

"She further avers that because of her injuries she was forced to expend $——— for medical, doctors' and dentist's bills, all of which she herself was required to pay, since her home is in the State of Louisiana and she is attending school at George Peabody College as a

boarding pupil and is limited in funds which she may expend for her education and for her support and maintenance while in attendance upon the college.

"Plaintiff further avers that her father is dead, and that the expenses incident to her education and her support for several years past have been borne by plaintiff herself, who has worked during the time she has been attending school and whenever plaintiff's funds have been insufficient, her sister who teaches school has made contribution of funds to plaintiff. Plaintiff therefore charges that in so far as her earnings are concerned she has been emancipated by her mother, and since her expenses incident to the injuries which she received as the result of defendant's negligence must be paid by plaintiff herself.

"She charges she is entitled to recover said expense in this cause.

"Plaintiff avers that all of her injuries, suffering and expense were directly and proximately caused by the negligent, wrongful and reckless acts of the defendant's agent, as aforesaid, and for all of the damages she has suffered she sues the defendant, who has refused to pay, and respectfully demands a jury to try the issues joined and to assess the damages."

In the second count, plaintiff alleged that the proximate cause of her injuries was the violation by the driver of defendant's said automobile of City Ordinance No. 928, section 1, which provides that "a vehicle, except when passing a vehicle ahead, shall keep as near the right-hand curb as possible."

In the third count, plaintiff alleged that the proximate cause of her injuries was the violation by the driver of said automobile of City Ordinance No. 292, section 7, as follows: "Section 7. Be it further enacted that it shall be unlawful for any vehicle to exceed a speed of twenty miles per hour within the corporate limits of said city, . . . and provides further, that no vehicle shall exceed a speed of ten miles per hour while within the confines of any safety or school zone of said city.

"Section 2 (f). 'School zone' shall be construed to mean that portion of any street, alley, or other highway of said city contiguous to any school premises in said city, whether public or private, lying within one hundred feet in any direction from the boundaries of said school premises, or any portion of the streets and alleys, or the highways and thoroughfares of said city, which may now or hereafter be designated by ordinance as such."

In the fourth count, plaintiff alleges that the negligence of defendant's agent in driving his car at a dangerous rate of speed and not near the right-hand curb, in violation of the City Ordinances, created a situation constituting an emergency which made it necessary for the plaintiff to act hurriedly and without time for deliberate judgment,

and that in this emergency the plaintiff used ordinary care under all the circumstances, and while in the exercise of ordinary care, the plaintiff sustained the injuries set out in the first count of the declaration as the direct and proximate result of defendant's negligence.

The case was tried to a jury on the issues made by a plea of not guilty filed by the defendant to the plaintiff's declaration, and the jury found the issues in favor of the plaintiff and assessed her damages at $300. Judgment was entered in favor of the plaintiff for $300 and the costs of the cause; but plaintiff was dissatisfied with the amount of damages allowed, and moved for a new trial. The motion for a new trial was overruled, and plaintiff preserved proper exceptions to the action of the court in overruling her motion for a new trial and prayed an appeal (in error) to the Court of Civil Appeals, which was granted by the trial court and perfected by plaintiff.

Through the first assignment of error it is asserted that "the damages awarded plaintiff by the verdict are so inadequate as to evince passion, prejudice and caprice on the part of the jury."

The plaintiff's second assignment of error is that the court erred in refusing to give in charge to the jury plaintiff's request No. 2, which was as follows: "I charge you that a party operating an automobile in violation of the statute fixing the speed limit at twenty miles per hour is guilty of wilful misconduct, and that if he injures another person while in the act of such violation, then the plea of contributory negligence is not available to the driver of said automobile, and he is responsible for all the natural consequences of his act."

If it be assumed that the above-quoted request embodies a correct statement of law applicable to issues presented by the pleadings and evidence, the refusal of the trial judge to give it in charge to the jury manifestly worked no harm to the plaintiff, in so far as the request related to proximate contributory negligence of the plaintiff, for the reason that the jury found all the issues touching negligence of the defendant and proximate contributory negligence of the plaintiff, in favor of the plaintiff. This is a necessary implication from the verdict, as the jury was instructed that if the plaintiff was guilty of negligence which proximately contributed to the occurrence of the accident, the verdict of the jury should be for the defendant.

But, in our opinion, the request does not contain a sound statement of law. It is true that contributory negligence of the plaintiff is not ordinarily available as a defense to one who acted wilfully and wantonly. If the wrong on the part of the defendant is so wanton and gross as to imply a willingness to inflict the injury, the plaintiff may recover, notwithstanding his own ordinary neglect. 20 R. C. L., pp. 144-145; Fairbanks, Morse & Co. v. Gambill, 142 Tenn., 633, 647.

But, merely because a defendant is "operating an automobile in violation of the statute fixing the speed limit at twenty miles per hour," he is not necessarily guilty of "wilful misconduct" that will preclude him from relying on the proximate contributory negligence of the plaintiff as a defense. Ludke v. Burck (Wis.), 56 L. R. A. (N. S.) 968 and Note; Railway Co. v. Wallace, 90 Tenn., 53, 61-62; Queen v. Dayton Coal & Iron Co., 95 Tenn., 458, 464, 466; Chattanooga Station Co. v. Harper, 138 Tenn., 562, 584; Griffin v. Dickerson, 4 Higgins, 409, 417.

And, in Tennessee, the rule applies alike to violations of State statutes and municipal ordinances. Railway v. Haynes, 112 Tenn., 712, 722; Chattanooga Station Co. v. Harper, supra.

In the case of Ludke v. Burck, supra, the court (speaking with reference to a State statute prescribing a maximum speed limit for running automobiles on city streets) said:

"The law regulates the conduct of persons who are exercising the common right of using public highways as travelers, for the purpose of compelling greater care for the protection and safety of all travelers. The operation of motor vehicles on streets is as lawful a use thereof as that of any other traveler; and the object of the statute is to restrict this use to such ways as will lessen the dangers to travelers from high speed and other hazardous practices. Such regulations are not intended to abrogate the duties of travelers recognized by the common law for their mutual safety, and leaves them subject to its accepted rules of ordinary care and the duties that spring from their relations as travelers on a public highway. In the light of this relation and the duties arising therefrom, it may well be that a person operating a motor vehicle at a speed much less than that denounced by the statute, on a street crowded with men, women, and children, and thereby inflicting some personal injuries on another, would be guilty of wilfully injuring such person, while another operating such vehicle slightly in excess of the statutory speed might do so under conditions and circumstances as to show that the care exercised, in the light of such conditions and circumstances, did not constitute a wanton and reckless disregard of the rights of another who suffered an injury by colliding with such motor vehicle. This court has held that a violation of the commands of a statute of this class, causing personal injury to another, is not to be treated as a wilful injury, as matter of law, but that the fact of such violation is negligence per se, and that the defense of contributory negligence is not abrogated."

The rule thus applied by the Wisconsin court to a defendant guilty of violating the statute limiting the speed of automobiles is entirely in harmony with the Tennessee cases cited above, and is, we think, the rule in Tennessee, notwithstanding some expressions to the con-

trary in the cases of Driver v. Arn et al., 6 Higgins, 582, 586, and Mason v. Burgess, 8 Higgins, 138, 143.

The only matter of which plaintiff is in a position to complain is the amount of the verdict. This is a matter which was peculiarly within the province of the jury.

At the time of the accident, the plaintiff—a young lady seventeen years of age—was a student at Peabody College, and was also employed in a Secretarial capacity at the college. She was knocked down and dragged several feet by defendant's automobile, and was rendered unconscious for a short time. A gash was cut in her head, and her arms and knees were bruised. The injuries above mentioned, however, were temporary, as she was away from her work as a result of the accident for only three days. Plaintiff suffered permanent injuries to four of her front teeth. A piece of one front tooth was broken off and there was a crack in each of three other front teeth. There was testimony by a dentist that the crack may cause plaintiff to lose the three cracked teeth in a few years.

The law prescribes no exact standard by which the compensation to be awarded for such injuries shall be measured. "Full compensation is impossible in the abstract, and different individuals will vary in their estimate of the sum which will be a just pecuniary compensation." (8 R. C. L., p. 673, par. 215). Therefore, this court should not attempt to substitute its judgment for that of the jury.

"If there is no rule of law regulating the assessment of damages, and the amount does not depend on computation, the judgment of the jury, and not the opinion of the court, must govern." 8 R. C. L., pp. 657-658, par. 199; Idem, p. 673, par. 215; Davidson-Benedict Co. v. Severson, 109 Tenn., 572, 616.

In addition to the ascertainment of the nature and extent of plaintiff's injuries (8 R. C. L., p. 656), and the amount of damages which would compensate plaintiff therefor (8 R. C. L., p. 657), it was the duty of the jury to find whether plaintiff was guilty of any remote contributory negligence, and if so, to reduce her damages accordingly. The trial court charged the jury as follows:

"If you find plaintiff was guilty of some negligence but that this negligence did not directly and proximately cause or contribute to the injury, then this matter must be taken into consideration by you and a reduction must be made from the damages that otherwise you would allow." This was a proper instruction. Nashville, etc., Railway Co. v. Norman, 108 Tenn., 324, 332; Chattanooga Station Co. v. Harper, 138 Tenn., 562, 581.

It appeared on the trial, without dispute, that plaintiff, after alighting from a street car, saw defendant's automobile approaching and attempted to run from the street car track to the sidewalk before the automobile could reach her, but was struck by the automo-

bile before she reached the sidewalk. It was for the jury to say, in the light of all the facts and circumstances appearing in the evidence, whether plaintiff was guilty of any remote contributory negligence, and if so, the extent to which her damages should be reduced on that account.

"It is a general rule that verdicts in personal injury actions will not ordinarily be disturbed merely on account of the smallness of the damages awarded. But this rule is subject to the exception that a verdict will be set aside and a new trial granted where the damages awarded are so small as to induce the conviction that the verdict was the result of passion, prejudice, or partiality; or that the verdict was the result of mistake or oversight on the part of the jury in failing to take into consideration the proper elements of damage in assessing the amount of the recovery; or that the verdict was the result of the failure of the jury to decide the issues submitted to them; or that the verdict was the result of misapprehension on the part of the jury as to the proof or as to the charge of the court." Note, 8 Anno. Cas., p. 904, citing a large number of cases, both Federal and State, and including the Tennessee cases of Chesapeake, etc., Railway Co. v. Higgins, 85 Tenn., 620, 626, and Jenkins v. Hankins, 98 Tenn., 545. See also Note 17 Anno. Cas., pp. 1073-1074.

We find nothing in the record now before us to "induce the conviction" that the verdict in this case falls within any of the exceptions above stated. The plaintiff's first and second assignments of error are overruled.

There are two other assignments of error. The third assignment is that the court erred in giving in charge to the jury defendant's special request number 1, as follows: "If you find that the driver of defendant's automobile was guilty of negligence in the operation of said automobile at the time and place in question, either in driving at an excessive rate of speed, or in failing to bring his car to a stop; and if you also find that the plaintiff was negligent in running across the street immediately in front of defendant's automobile, when said automobile was in close proximity to her, and if you find from all of the circumstances that both the plaintiff and the defendant were guilty of negligence that contributed proximately to the occurrence of the accident, then your verdict should be for the defendant."

The fourth assignment is that the court erred in giving in charge to the jury defendant's special request number four, as follows: "I charge you that it was the duty of the plaintiff to use ordinary care to look out for approaching automobiles while she was crossing the street, and if she failed to use ordinary care in that respect and such failure contributed proximately to the occurrence of the accident, she cannot recover."

The only references to the transcript made in support of the third and fourth assignments of error are to the pages of the transcript where the plaintiff's motion for a new trial appears. The motion for a new trial is merely a pleading and cannot be looked to as evidence of what occurred on the trial. Richmond, etc., Foundry v. Carter, 133 Tenn., 489, 493; Sherman v. State, 125 Tenn., 19, 49. Aside from the averments of the motion for a new trial, it does not appear from the record that defendant presented any requests for instructions; but we find the instructions, contained in the purported requests set forth in the third and fourth assignments, embodied literally in the principal charge of the court to the jury.

However, these instructions were not erroneous, but stated correct principles of law applicable to the issues before the jury. In fact, the only criticism offered to them here is that they are in conflict with plaintiff's contention that contributory negligence of the plaintiff was not available to defendant as a defense if defendant's automobile was being operated at a rate of speed in excess of twenty miles per hour. We have already held (in disposing of the second assignment of error) that this contention is unsound. The third and fourth assignments of error are overruled.

This disposes of all the assignments of error. The judgment of the circuit court is affirmed, and judgment will be entered here in favor of plaintiff and against defendant for $300, and for the costs of the cause accrued in the circuit court. The costs of the appeal will be adjudged against the plaintiff and the sureties on her appeal bond.

Crownover and DeWitt, JJ., concur.