737

PRATT v. LOUISIANA & ARKANSAS
RY. CO.

Civ. A. No. 591.

District Court, W. D. Louisiana,
Shreveport Division.

Aug. 18, 1943.

Rehearing Denied Oct. 4, 1943.

O. W. & B. D. Bullock, of Shreveport, La., and Jones & Jones, of Marshall, Tex., for plaintiff.

A. L. Burford, of Texarkana, Tex., and T. W. Holloman, of Alexandria, La., for defendant.

DAWKINS, District Judge.

By the verdict of a jury plaintiff was awarded the sum of $5,000 damages for the loss of a foot while employed as a brakeman of defendant in a suit under the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51. This court thought, in view of the answers by the jury to certain questions, submitted at the request of defendant, that there was no actionable negligence shown, and accordingly set aside the verdict, and gave judgment for the defendant under rule 50(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The Court of Appeals for the Fifth Circuit thought otherwise, reversed the ruling and directed reinstatement of the verdict.

The question now to be decided is as to whether plaintiff, not having prayed therefor, is entitled to interest, and if so, from what date. His counsel contends that the case is controlled by the law of Louisiana and that Act No. 206 of the Legislature of 1916 requires that he should be paid the legal rate of five per cent from judicial demand. On the other hand, defendant asserts that the matter is governed by Section 811 of Title 28 U.S.C.A., rule 69 of the Rules of Civil Procedure, rule 30 of the Supreme Court of the United States, 28 U.S.C.A. following section 354, and by a similar rule (30) of the Court of Appeals for the Fifth Circuit, providing for the calculation of interest from date of the judgment.

It has been held by the Court of Appeals for this Circuit that Act No. 206 of 1916 applies to tort actions in the Federal Courts. Atkins v. Garrett, 5 Cir., 270 F. 939. As to whether a claim under the Federal Employers' Liability Act falls into the category of a tort, it is important to note that there is a very clear distinction between this statute and ordinary Workmen's Compensation Laws. The latter permit the employee to recover, within a limited and prescribed range, for injuries received in the course of employment, regardless of ordinary negligence under the philosophy that industry should bear at least a part of the loss, rather than have it imposed entirely upon the employee if he is at fault. However, the Federal Statute merely abolishes certain common-law defences, such as the fellow servant doctrine, certain species of assumed risk, etc., but still requires proof of negligence on the part of the employer; although if the employee is guilty of contributory negligence,

the jury or court is permitted to apportion the fault between the latter and the employer except where the carrier has violated some statute enacted for the safety of employees. Recovery is permitted for the full amount of damages. Title 45 U.S.C.A. §§ 51, 53, 54 and 55; see also C.J.Vol. 39, 265, Master & Servant, Sec. 385, and cases cited in footnotes.

It is true that the Federal Employers' Liability Statute, where it is applicable, excludes state remedies (see same authorities) but it carries no provision for interest, and no authority has been cited or can be found to establish any different rule in personal injury cases under the Federal Employers' Liability Law from that applied for breach of contract, as in the case of Atkins v. Garrett, supra.

Articles 157 and 553 of the Code of Practice of Louisiana declare that by the failure to demand interest in his petition, the claimant is considered to have waived it; but the Court of Appeal for the Parish of Orleans in a well-considered opinion, Grennon v. New Orleans Public Service Co., 17 La.App. 700, 136 So. 309, discussed these articles in connection with the Act of 1916 (206) and reached the conclusion that, as to actions sounding in tort, the language of the latter statute was so clear and unambiguous, that it should be held to prevail over the codal articles. For other cases holding that interest should be allowed from judicial demand, whether prayed for or not, see the following cases: LeBlanc v. New Amsterdam Casualty Co., La.App. 8 So.2d 83; Harrison v. Louisiana Highway Comm., 202 La. 345, 11 So.2d 612; Hollis v. Ouachita Coca-Cola Bottling Co., La.App., 196 So. 376; Ventrilla v. Tortorice, 160 La. 516, 107 So. 390; Richard & Sons v. Director-General of Railroads, 160 La. 1019, 107 So. 891; Dejean v. Louisiana Western R. Co., 167 La. 111, 118 So. 822; Webb v. Vicksburg S. & P. R. Co. et al., 9 La.App. 647, 119 So. 720; Id., 10 La. App. 278, 119 So. 720. It is true that in the Grennon case recovery of interest was denied but this was because the judgment had long since been paid and satisfied and the demand for interest was made in a subsequent proceeding, which the court found came too late.

My conclusion is that the plaintiff in the present case should recover interest from judicial demand.

### On Motion for Rehearing.

Counsel for defendant has filed a motion for a rehearing upon the question of when interest should begin to run, calling the Court's attention to those cases previously cited, in two of which, at least, it was held that the matter was controlled by principles of general law and not by state statute.

The following is a brief analysis of cases relied upon mainly by defendant:

In Eddy v. Lafayette, 163 U.S. 456, 16 S.Ct. 1082, 1086, 41 L.Ed. 225, it was said: "the rule, in cases of tort, is to leave the question of interest, as damages, to the discretion of the jury". The lower court had instructed the jury that if they found for plaintiff, "the measure of damages was the market value of the hay burned, together with interest at 6 per cent. per annum from the date of the destruction of the hay, and to this instruction exception was taken". The jury "based their verdict entirely upon the number of tons of hay destroyed, at the market value per ton"; and "did not allow interest". The Supreme Court said: "regarding the error, if such it was, as immaterial, the circuit court of appeals declined to disturb the judgment of the trial court, and we acquiesce in that disposition of the question".

The trial court in Arizona & N. M. R. Co. v. Clark, 9 Cir., 207 F. 817, allowed interest from the date of the judgment, which was sustained, and the Court of Appeals, citing Eddy v. Lafayette, supra, as authority for the approval of the judgment below, differentiated it from White et al. v. United States, 5 Cir., 202 F. 501, 502. In the latter case the Government had delayed thirteen years the bringing of its suit for the cutting of timber, but notwithstanding, the jury had allowed interest from the time of conversion. The Court of Appeals for this, the Fifth Circuit, in the White case held that "in view of the long and unexplained delay on the part of the government in instituting the suit, we feel that a proper exercise of discretion by the jury would have denied the plaintiff interest".

Arizona & N. M. R. Co. v. Clark, 235 U.S. 669, 35 S.Ct. 210, 59 L.Ed. 415, L.R.A. 1915C, 834, was affirmed by the Supreme Court, but apparently, the question of interest was not raised on the review, as the only issues passed on, were, first, that of jurisdiction, and second, the section of the Revised Statutes of Arizona prohibiting a

physician from being examined as a witness with respect to conversations with his patient, without the consent of said patient, unless and until the patient had himself testified about the communications with the doctor. Notwithstanding the plaintiff had himself testified as to injuries, the Court held that under the state law the physician could not be compelled to testify. This was a case under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq.

Chesapeake & O. R. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 632, 60 L.Ed. 1117, L.R.A.1917F, 367 (also under the Federal Employers' Liability Act) dealt with the question of the nature of the evidence which the jury should consider in determining the present value of the earning power or wages of the deceased over a period of years, and in disposing of it, said: "like other questions of procedure and evidence, it is to be determined according to the law of the forum [State]. But the question of the proper measure of damages is inseparably connected with the right of action, and in cases arising under the Federal employers' liability act, it must be settled according to general principles of law as administered in the Federal courts". The Court then entered into an extended discussion of the fact that money could be invested safely or put in saving deposits, and after citing numerous cases, finally held that "the plaintiff is entitled to no more than their [future wages or earnings] present worth". The issue of whether the amount found to be due as the result of an injury to a living person should bear interest from judicial demand or from date of judgment, was not involved or considered.

It would seem that the measure of damages in the present case covers only the loss of earning power, pain, and suffering, and that the question of interest was one governed by statute, either State or Federal. It was not submitted to the jury and therefore not considered by them.

In Chicago, M., St. P. & P. R. Co. v. Busby, 9 Cir., 41 F.2d 617, 619, also involving the present statute, the jury had awarded interest at the rate of 8 per cent from January 24, 1929, whereas the injury had been received on August 13, 1928. Nothing appears in the opinion to indicate why the former date was used. The Court simply says: "the appellee relies, in a measure at least, upon a statute of Montana which provides that, in an action for breach of an obligation not arising from contract, interest may be given in the discretion of the jury * * *. But it seems that statutes such as that existing in Montana are not controlling in personal injury actions arising under the Federal Employers' Liability Act". Citing decisions in the state courts of New York and Iowa and also Chesapeake & O. R. Co. v. Kelly, supra, quoting that portion of the last-mentioned decision appearing above and concluding: "Treating the question, then, as one of general law, our own decisions are controlling". The cases of Burrows v. Lownsdale, 9 Cir., 133 F. 250, and The Argo, 9 Cir., 210 F. 872, were cited as holding: "Interest is not allowable on claims for personal injuries until the amount of the damages has been judicially ascertained, distinguishing such cases from actions for loss of or injuries to property." The Burrows case was one in admiralty, wherein it was stated [133 F. 251]: "It is the settled law in this country that whether interest shall be allowed by the court of first instance, or by the appellate court, in admiralty, on the amount of damage in a collision case, is within the discretion of the court" (citing authorities). "But this rule does not apply to actions for damages for personal injuries. The distinction between the two classes of cases is clearly pointed out by the Supreme Court of Tennessee in the case of Louisville & N. R. Co. v. Wallace [90 Tenn. 53], 15 S.W. 921, 14 L.R.A. 548. As there said, a personal injury never creates a debt, nor becomes one, until it is judicially ascertained and determined; nor until that time can it draw interest". The Argo was also a case in admiralty by the same court (Ninth Circuit) and was to the same effect and cited the Burrows case as authority.

Counsel for defendant admits that Baltimore & O. R. Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 9, 86 L.Ed. 28, 136 A.L.R. 1222, does not deal with the question of interest but cites its language to the point that "the allowance or denial of this federal privilege [of suing in a state other than the one of which plaintiff is a resident] is a matter of federal law, not a matter of state law", as supporting the proposition that in matters arising under the Federal Employers' Liability Act, state statutes are excluded. However, in the Kepner case there was express provision in the Federal Act giving the right to sue in the other state, which, of course, was controlling.

This court was in error, when it stated in the memorandum handed down on August 19, 1943, that there was no authority to sustain the proposition that interest could not be allowed except from the date of judgment, under the federal workmen's compensation cases, as demonstrated by the decisions above discussed. However, all these were decided before Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. In the latter case the Supreme Court reconsidered the doctrine of Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, and decided that there was no such thing as a body of common law outside that of the states. Speaking through Justice Brandeis it was said [304 U.S. 64, 58 S.Ct. 822, 82 L. Ed. 1188]: "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law. Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or 'general,' be they commercial law or a part of the law of torts. And no clause in the Constitution purports to confer such a power upon the federal courts."

If the question now before this court be one of substantive law, which I think it is, then, in the absence of legislative provision to the contrary, the question of when interest shall begin to run on a judgment must be determined by the state law, including both the statute and the court decisions. On the other hand, if it is remedial, then as far back as the Clark case, 235 U.S. 669, 35 S.Ct. 210, 59 L.Ed. 415, L.R.A.1915C, 834, cited above, the law of the state was held to control. As pointed out in the former memorandum, the statute involved here has no provision dealing with interest, and the only other Federal provision is Section 811 of Title 28 U.S.C.A. relied on by defendant, which, if applicable in this case, would, of course, apply to judgments for breach of contract, such as Atkins v. Garrett, 5 Cir., 270 F. 939, since that section is general in its terms and not a provision of the Federal Employers' Liability Act. Courts of the states have concurrent jurisdiction with Federal Courts in suits under the latter act (Sec. 56, Tit. 45 U.S.C.A.) and if this one had been brought there, the question would have arisen as to whether the state act, No. 206 of 1916, should apply. In the light of Erie v. Tompkins, as to questions of substantive law, and in Arizona & N. M. R. Co. v. Clark, cited above, the state court would have been warranted in holding, notwithstanding the earlier cases analyzed in this opinion to the effect that the question of interest is one of general law (meaning, of course, the common law), that the state statute was controlling. Of course, the conclusion reached in this court should not be different from what it would have been in the state court. It is well to note that in the cases relied on by defendant, the question of what law governed interest was not given extended consideration, but in most instances, the cases cited usually went off on other points.

The motion for rehearing should therefore be denied.